A. BAKER v. WILMINGTON & WELDON R. R. CO.

*Issues—Negligence and Contributory Negligence—Verdict.*

1. Where in action for damages, based upon alleged negligence of
   defendant, the jury find that the plaintiff was injured by the
   negligence of the defendant, and nothing to the contrary
   appears in the way of admissions of record, judgment must
   be entered for plaintiff.    But where the jury also find that
   plaintiff was guilty of negligence on his part which contrib-
   uted to his injury, the law will assume, in the absence of any
   further finding, that plaintiff's contributory negligence was
   the proximate cause of his injury, and judgment must be
   entered against him.

2. If the jury find that defendant was negligent, and plaintiff was guilty of contributory negligence, and further find that defendant might, by the exercise of ordinary care, have avoided injuring plaintiff, notwithstanding plaintiff's negligence, judgment will be entered for plaintiff.

3. One who exposes himself to danger by going on a railroad trestle or lying down upon the track to sleep, whether drunk or sober, is guilty of negligence. But such negligence is not deemed the proximate cause of his injury when the engineer, by discharging the duty of watchfulness imposed upon him by law, could subsequently have avoided the injury. Notwithstanding the drunkenness of one who goes to sleep on the track, the engineer must keep the same lookout for his safety as for that of a cow or hog.

4. In cases based upon alleged negligence, in which contributory negligence is pleaded, where the pleadings and testimony are of such a character as to justify it, the issues should include the questions of negligence of defendant, contributory negligence of plaintiff, and whether defendant could have avoided the injury by the exercise of ordinary care, notwithstanding plaintiff's negligence.

5. In all cases which necessitate the application of intricate questions of law to the facts, the issues should be so framed as to admit of a clear understanding by the jury of the various aspects in which the law applies to the different conclusions properly deducible from the testimony.

6. A verdict finding defendant guilty of negligence, the plaintiff guilty of contributory negligence, and that plaintiff was entitled to recover a certain sum, entitles the defendant to judgment against the plaintiff.

CIVIL ACTION, tried before *Norwood, J.*, at April Term, 1895, of BRUNSWICK Superior Court. Defendant appealed.

The judgment appealed from is as follows :

" This cause coming on to be heard and issues having been submitted to the jury as follows :

" First. Was the plaintiff injured by the negligence of the defendant or its agents ?

" Second. Was the engineer of the defendant at the time of the accident a fellow-servant with the plaintiff ?

" Third. Was the plaintiff guilty of negligence on his part which contributed to his injury ?

" Fourth. What damages, if any, is the plaintiff entitled to recover ? "

And the jury having responded " Yes " to the first issue, " No " to the second issue, " Yes " to the third issue, and " One thousand dollars " to the fourth issue,

" It is now, on motion of counsel for plaintiff, adjudged that the plaintiff recover of the defendant, the Wilmington & Weldon Railroad Company, the sum of one thousand dollars, with interest on said sum from the 8th day of April, 1895."

Among other instructions, the judge gave the following, at the request of plaintiff :

" The negligence of the defendant is alleged to be in the failure of the engineer, or other agents of the defendant's, to keep a proper lookout and stop the train after they saw the man on the track, and after they knew, or ought to have known, that he was asleep or otherwise insensible. The negligence of the plaintiff precedes, in point of time, the negligence of the defendants. The faulty conduct of the plaintiff was all complete before the fault of the defendants, if it is guilty of any fault, began. If the engineer saw a man (plaintiff) in a recumbent position on the track, and blew his whistle, and the man did not move, then it was his duty to slow down the train and to stop it before reaching the man ; and if he could have stopped it after he saw the man did not heed the warning, defendants are guilty of negligence and plaintiff must recover."

After the verdict, plaintiff's counsel moved the court to strike out the issue on contributory negligence, on the ground that, upon the whole case, the contributory negligence, taking all the evidence with regard to it to be true,

could not operate to defeat the plaintiff's recovery on the negligence assigned by him against the defendants.

This the court refused to do.

Counsel for the defendants moved for a judgment in their favor upon the verdict of the jury. His Honor refused the motion.

Defendants excepted upon the ground that, the jury having by their answer to the third issue found the plaintiff guilty of contributory negligence, judgment should have been rendered in favor of the defendants.

*Messrs. Shepherd & Busbee*, for plaintiff.
*Mr. Junius Davis*, for defendant (appellant).

AVERY, J.: Upon the findings of the jury that the plaintiff was " injured by the negligence of the defendants or their agents," and that the plaintiff was " guilty of negligence on his part, which contributed to his injury," the court refused the motion of the defendant for judgment against the plaintiff for costs, and rendered judgment in favor of the latter for the amount of damages assessed by the jury and for costs. The appeal by the defendant raises the single question whether the judgment is erroneous.

Where nothing more appears from the verdict of the jury, or by way of admissions in the pleadings, or in the record or statement of the case on appeal, than that the injury of a complainant was caused by the negligence of the defendant, the plaintiff may of right demand judgment for the damages ascertained by the jury and for costs. Where it is found in addition that the plaintiff's own carelessness contributed to bring about the injury, the court, in the absence of any further finding, must assume that the contributory negligence was a concurrent cause and give judgment for the defendant. But though the questions

involved in the two issues passed upon in this case be both answered affirmatively, if in addition it be found by the jury, in response to a distinct and separate issue, that, notwithstanding the negligence of the plaintiff, the defendant might, by the exercise of ordinary care, have prevented the injury, the rule becomes applicable that was last laid down in *Pickett* v. *Railroad*, 117 N. C., 616, where the cases involving that question, from *Gunter* v. *Wicker*, 85 N. C., 310, to that case, were cited and fully discussed. The principle was stated by Chief Justice SMITH, in *Gunter* v. *Wicker*, as follows: "Notwithstanding the previous negligence of the plaintiff, if, at the time when the injury was committed, it might have been avoided by the exercise of reasonable care and prudence on the part of the defendant, an action will lie for damages. *Davies* v. *Mann*, 10 M. & W., (Exc.,) 545." To apply the rule to the case before us: If the jury believed that, notwithstanding the negligence of the plaintiff in becoming intoxicated and going upon the track so as to expose himself to danger, the engineer, by keeping a proper lookout for obstructions on the track, might have seen the plaintiff, and might have had, by observing his posture, reasonable ground to believe he was drunk or disabled, in time, by the use of all the appliances at his command, and without danger to those on board the train, to stop the train and avert the accident, then his negligence would have been deemed in law the proximate cause. The Court said, in *Pickett* v. *Railroad*; "The admitted *teste*-rule, to which we have adverted, that he who has the last clear chance, *notwithstanding the negligence of the adverse party*, is considered solely responsible, must be construed in contemplation of the law which prescribes and fixes their relative duties. The law, as settled by two lines of authorities here, imposes upon the engineer of a moving train the

BAKER v. RAILROAD.

duty of exercising reasonable care in observing the track, and if, by reason of his omission to look out for cows, horses and hogs, he fails to see a drunken man or reckless boy asleep on the track, it cannot be denied that he is guilty of a dereliction of duty. If he is guilty of a breach of duty, we cannot controvert the propositions which necessarily follow from the admission that, but for such omission, or if he had taken advantage of the last clear opportunity to perform a duty imposed by law, the train would have been stopped and a life saved............. Where the law does not impose the duty of watchfulness, it follows that the failure to watch is not an omission of duty *intervening between the negligence of the plaintiff in exposing himself and the accident*, unless he be actually seen in time to avert it." A glance at the case of *Pickett* v. *Railroad* must satisfy any one that the opinion, like that in *Dean's* case, 107 N. C., 686, and in *Clark's* case, 109 N. C., 430, is founded upon the assumption that any one who exposes himself to danger by going on a trestle or lying down upon the track to sleep, whether drunk or sober, is guilty of negligence. But that negligence is not deemed the proximate cause of an injury received, where the engineer, by discharging the duty of watchfulness plainly imposed upon him by repeated rulings in this State, could subsequently have saved the party from all harm. We cannot understand, therefore, how the learned counsel for the plaintiff could have been led inadvertently to rest his argument upon the idea that this Court had ever anywhere said or intimated that a drunken man, who lies down upon the track of a railway and falls asleep, is not negligent in doing so. The Court did hold in *Pickett's* case that, notwithstanding such negligence on the part of a careless boy or a drunken man, an engineer was not thereby licensed to kill him, but was to keep the same out-

look for his safety as for that of a cow or a hog. This defendant appeals, and the only question directly involved is the correctness of the judgment, which must be reversed. But in view of the testimony offered by the plaintiff, it seems eminently proper to call attention to the advisability (if not, in such cases as this, the necessity) of submitting a third issue, involving the question whether there was any intervening negligence after the careless act of the plaintiff was complete and became a fact accomplished. As has been said in *Pickett's* case and in the cases there cited, the three questions—first, whether the defendant was negligent; second, whether the plaintiff's carelessness contributed to cause the injury; and, third, whether, notwithstanding the negligence of the plaintiff, the defendant might subsequently, by the exercise of reasonable care, have averted the injury, may be determined by submitting, with proper instructions, the single inquiry, whether the injury was caused by the negligence of the defendant, or whether the negligence of the defendant was the proximate cause of it. But where the pleadings and testimony raise the question, whether the plaintiff, was guilty of contributory negligence, and also whether if he was careless, any want of care on the part of the defendant has nevertheless been shown to have intervened as the *causa causans*, after his negligent act, it is always difficult to make the most intelligent jury of laymen analyze the evidence and apply it, in its threefold aspects, in responding to a single question. If the object of the courts is to insure to every litigant who is entitled to a trial by jury the opportunity to have the jury made an intelligent and independent factor in protecting his rights and redressing his wrongs, it is the duty of the courts to frame these mixed questions of law and fact upon which they are to pass in such a way as to enable them most

clearly and readily to apply the law to every phase of the evidence. It often taxes the powers of a judge to so instruct the jury upon the application of those phases of the testimony to the single question, whether the defendant's negligence was the proximate cause of the injury, as to enable an appellate court even to intelligently review his charge. However correct in the abstract, or in the concrete, his propositions may be, it will be readily seen that one unlearned in the law, however intelligent, must, from the very nature of the case, get but indistinct glimpses of the principles given for his guidance. On the other hand, the same reason that induces learned authors to classify decisions under the separate and distinct titles of negligence, contributory negligence, and intervening negligence for the use of men learned in law, viz., to enable them to understand the principles treated more clearly, operates with ten-fold force when the object is to impart to a layman, in a few moments, or at most in a few hours, such instruction as will enable him to collate and classify the testimony to which each of these branches of the law of negligence is to be applied, and sum up the result of this complicated investigation in his affirmative or negative answer to a single question. It must have required extraordinary learning and unusual power of expression on the part of the judge, and a high order of intelligence on the part of the jury, in many cases which have been tried in the courts, if the jury were made to fully comprehend how to sum up their opinion of the facts in the response " Yes " or " No " to a single issue. But while there are cases tried in the courts, where no testimony is offered which tends to show that the negligence of the defendant intervened as the cause of an injury, after the careless act of the plaintiff was complete, and where it is consequently proper to submit only the

two issues passed upon below, we can conceive of circumstances under which a plaintiff might rightfully demand a separate issue, involving the question whether the defendant's negligence intervened as a proximate cause after the careless act of the plaintiff. It is true that it has been held (in *Scott* v. *Railroad*, 96 N. C., 428 ; *Denmark* v. *Railroad*, 107 N. C., 185, and in *Pickett's* case, *supra*) that, as a general rule, it rests in the sound discretion of the court to determine whether one or more issues involving negligence shall be submitted. But this general rule must give way to the broader principle which is applicable to all cases, that a party has meritorious ground of exception whenever he is deprived, by the refusal of the judge to submit an issue tendered by him, of the opportunity to present to the jury the law governing a particular phase of the testimony. Had the plaintiff tendered an issue involving the question whether the injury might have been avoided by reasonable care on the part of the defendant in failing to stop the train, instead of asking for the withdrawal of that involving contributory negligence, a different question might have been raised by exception to the refusal of the court to do so.

Judgment Reversed.