DONALD TONEY, BY HIS NEXT FRIEND, NELLIE TONEY, v. JOHNNIE HENDERSON; AND JOHN H. WILSON AND G. T. WOODSIDE, PARTNERS TRADING AS W & W GROCERY COMPANY.

(Filed 26 November, 1947.)

1. **Automobiles §§ 15, 18h (3)—Evidence held to show contributory negligence as matter of law on part of boy cyclist injured while making U-turn on highway.**

   Plaintiff's evidence tended to show the following circumstances: Plaintiff, approximately twelve years old, was riding his bicycle on the left shoulder of the highway some 150 to 300 feet beyond a highway intersection. A car passed traveling in the opposite direction. Plaintiff then made a U-turn and fell between the front and rear wheels of a truck traveling in the same direction as plaintiff had been going. The truck had entered the highway from the intersection and was traveling on its right side with its right wheels on the shoulder. Plaintiff testified he did not see the truck, although his vision was unobstructed except for the car which had passed. *Held:* Plaintiff's evidence discloses contributory negligence barring recovery as a matter of law.

**2. Automobiles § 18g (2)—**

Evidence that a truck traveling on a highway stopped within six or eight feet from the point of impact negates an inference that it was traveling at excessive speed. Sometimes physical facts speak louder than words.

APPEAL by plaintiff from Nettles, J., at March Term, 1947, of MECK-LENBURG.

Civil action to recover for personal injuries sustained by Donald Toney in an accident which occurred on the old Charlotte-Statesville Highway, 31 December, 1945.

The plaintiff was slightly under 12 years of age at the time of the accident. He was riding a new bicycle which his parents had given him for Christmas, on the left shoulder of the highway, proceeding in a northwesterly direction. When he had proceeded a distance of some 150 to 300 feet along this highway from the intersection thereof with the new Charlotte-Statesville Highway, he met an automobile being driven by a Mr. Reid. Mr. Reid testified: "I pulled over in the center of the road to pass him. He was on the shoulder. At the time I did that the truck was behind him on the other side of the road . . . I'd say the truck was 40 or 50 feet behind him . . . When I saw the truck it was over on the right-hand side. It was on part of the shoulder . . . I am sure I passed the boy before I passed the truck . . . I passed the boy on my right side and on his right side. I passed the truck on its left side and on my left side . . . The next thing I saw as I stopped" at the intersection, "was the boy under his left-hand rear wheel of the truck." The truck was loaded with brick and the evidence tends to show it was being driven about 20 miles per hour.

The plaintiff testified: "After he (Mr. Reid) went on past me I stopped, and when he got down there I didn't see nothing on the road so I started to make a U-turn and I don't remember nothing until I was under the wheel of the truck . . . I did not run into the truck . . . I don't hardly remember where I came in contact with the truck, but I stopped and made my turn, the truck I did not see, and the next thing I remember I was under the wheel of the truck. I didn't see the truck at all. I seen it while I was under the wheel . . . The truck was over on the right-hand side of the road . . . on the opposite side that I had been on . . . Part of it was on the shoulder and it was going the same way I had been going; I was going to turn around and go back towards my home . . . The bicycle didn't go under the truck with me . . . I guess I fell off the bicycle. The bicycle was over in the road and I was under the wheel of the truck. I did not see the truck before I fell off."

At the close of plaintiff's evidence, the defendants moved for a judgment as of nonsuit. The motion was granted and judgment entered accordingly. Plaintiff appeals and assigns error.

*G. T. Carswell and Robinson & Jones for plaintiff, appellant.*
*Thaddeus A. Adams for defendant, appellees.*

DENNY, J.    The evidence adduced in the trial below, when considered in the light most favorable to the plaintiff, fails to show any negligence on the part of the defendants. The plaintiff apparently undertook to make a U-turn immediately after Mr. Reid passed him and in doing so lost his balance, fell off his bicycle and landed in between the left front and rear wheels of defendants' truck. The truck, according to the evidence, was being operated at a moderate rate of speed on its right side of the highway. There was nothing between the plaintiff and the defendants' truck to obstruct his view of the truck after it left the new Charlotte-Statesville Highway and entered the highway on which they were traveling, except Mr. Reid's car as it passed between them. And while the evidence does not disclose any act of negligence on the part of the defendants, even if it did so, the negligence of the plaintiff was sufficient to establish contributory negligence as a matter of law. *Threalt v. Express Agency,* 221 N. C., 211, 19 S. E. (2d), 873; *Van Dyke v. Atlantic Greyhound Corp.,* 218 N. C., 283, 10 S. E. (2d), 727; *Tart v. R. R.,* 202 N. C., 52, 161 S. E., 720.

The plaintiff's failure to see the approaching truck when he looked just before making his U-turn is not chargeable to the defendants. The presence of the truck on the highway at the time and place of the accident and the manner of its operation, negative the plaintiff's allegation of excessive speed. There is no evidence of excessive speed disclosed by the record. Furthermore, the truck was stopped within 6 or 8 feet of the point where its left rear wheel came in contact with the plaintiff's body. Sometimes physical facts speak louder than words. *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88.

The plaintiff's injuries were serious and regrettable, but we think his own testimony exonerates the defendants from liability or blame in connection with this unfortunate accident.

The judgment of the court below is
Affirmed.