ROBERT LEE TALLENT BY MARVIN TALLENT, HIS NEXT FRIEND V. HELEN HOWARD TALBERT AND CHARLES JOE TALBERT.

(Filed 5 November, 1958.)

**Automobiles § 42h— Evidence held to disclose contributory negligence as matter of law in making "U" turn without signal or lookout.**

Evidence tending to show that plaintiff, driving a farm tractor, made a "U" turn on the highway without giving signal and without ascertaining, during the last ninety feet of travel, whether a vehicle was approaching from his rear, and was struck by a car driven by the femme defendant as it was attempting to pass, *is held* to disclose contributory negligence barring recovery as a matter of law, G.S. 20-149, notwithstanding plaintiff's evidence of defendant's failure to sound her horn before attempting to pass as required by G.S. 20-154. This result is not affected by the fact that plaintiff was only fifteen years old and without much education, when his evidence discloses experience in operating tractors and his knowledge of safety requirements in such operation.

PARKER, J., not sitting.

TALLENT *v.* TALBERT.

APPEAL by plaintiff from *Preyer, J.,* March 1958 Term of DAVIE.

Plaintiff, a fifteen-year-old boy, seeks compensation for injuries sustained in a collision between a tractor driven by him and an automobile driven by Mrs. Talbert, maintained as a family car by her husband, Charles Talbert. Plaintiff appeals from a nonsuit entered at the conclusion of the evidence.

*Peter W. Hairston for plaintiff, appellant.*
*Walser & Brinkley for defendant appellants.*

PER CURIAM. Viewed in the light most favorable to plaintiff, the evidence is sufficient to establish these facts:

Highway U. S. 158 runs north and south. It is intersected by the Baltimore Road which runs eastwardly from the intersection. Both are paved. From the intersection the grade ascends to the Pentecostal Church on the north side of the Baltimore Road and 300 feet from the intersection. A double yellow line extends from the intersection 255 feet on the Baltimore Road.

On the day in question plaintiff, driving a tricycle type tractor, traveled on the highway northwardly until he reached the Baltimore Road. Approaching the intersection, he indicated he would turn right by giving the statutory hand signal. He made the turn as indicated and proceeded along the Baltimore Road. The automobile was also proceeding northwardly on the highway. Plaintiff knew that it was following him but did not know that it also turned into the Baltimore Road.

When plaintiff was 210 feet beyond the intersection, he looked behind him to see if there were other vehicles on the road. He neither saw nor heard any. He traveled ninety feet after looking, and without again looking or giving signals of any kind, started to reverse his line of travel by making a "U" turn to his left. At that moment defendant also pulled to her left, intending to pass. The collision resulted. There is no evidence with respect to the speed of the tractor. The only direct evidence with respect to the speed of the car came from defendant, fixing it at 20 to 25 m.p.h.

The tractor turned over and fell on plaintiff. It was lying about the center of the road. The damage to it occurred when it struck the ground.

Defendant's car stopped headed in a southeasterly direction with the front to the left of the center of the road. The damage to the car was negligible, consisting of a bent right fender with a hole in it and a broken right headlight. There were no skidmarks on the highway.

Plaintiff had finished the fifth grade in school but was not an apt pupil and could do little more than write his name. He had been operating a tractor since he was ten years old and had previously operated tractors on the highways.

Conceding that plaintiff's evidence that he didn't hear the Talbert car is sufficient to establish a violation of G.S. 20-149 and hence sufficient to justify an affirmative answer to the issue of negligence notwithstanding defendant's positive testimony that the horn was sounded, it is manifest that plaintiff's admitted violation of G.S. 20-154 in turning without ascertaining that he could do so in safety and without giving the required signal was a proximate cause of the collision. *Bradham v. Trucking Co.*, 243 N.C. 708, 91 S.E. 2d 891; *Grimm v. Watson*, 233 N.C. 65, 62 S.E. 2d 538; *Toney v. Henderson*, 228 N.C. 253, 45 S.E. 2d 41.

Neither plaintiff's age nor lack of literary capacity sufficed, in view of his positive testimony with respect to his experience in operating tractors and his knowledge of safety requirements in such operation, to relieve him from responsibility for his negligence.

Affirmed.

PARKER, J., not sitting.