DAVID KENNETH BURGESS, by and through his Next Friend, his Mother, HAZEL BURGESS, v. ELSIE LEE MATTOX and RUBEN MATTOX, d/b/a BOULEVARD AUTO WRECKER SERVICE.

(Filed 9 October 1963.)

**1. Automobiles § 42i—**

A plaintiff who voluntarily and without any obligation to do so places himself upon the hood of a truck in order to weigh down its bumper so that the truck might push an automobile to start its motor will be held guilty of contributory negligence barring as a matter of law his right to recover for injuries sustained when he was thrown from the hood of the truck by a sudden movement which might have been anticipated in such operation.

**2. Negligence § 16—**

A seventeen year old boy is presumed to have sufficient capacity to understand and avoid a clear danger, and is chargeable with contributory negligence as a matter of law if he fails to do so.

**3. Automobiles § 41a;    Evidence § 3—**

The court will take judicial notice that a truck traveling forty-five miles per hour cannot be stopped within thirty-three feet, and when plaintiff's contention of negligence is based on such inherently impossible situation, nonsuit is proper.

APPEAL by plaintiff from *Sink, E.J.*, April 1963 Session of GASTON.

Action for personal injuries. Plaintiff's evidence tended to show the following facts:

On the evening of August 13, 1961 David Kenneth Burgess, the plaintiff, then seventeen years old, and a companion, John Gilbert, Jr., were "hanging around" the defendants' place of business, the Boulevard Auto Wrecker Service. A call came in from a motorist requesting "a shove" to start his stalled automobile. The night manager dispatched Roy Carter, another visitor at the station, to start the car with defendants' pickup truck. Plaintiff and Gilbert went along for the ride, apparently without the knowledge of the manager. When the vehicles were brought together it was discovered that the truck bumper was higher than that of the automobile. Carter then sat on the hood of the truck and weighted down its bumper so that the two were flush. Plaintiff drove the truck, pushing the car down the road a short distance. It failed to start and plaintiff stopped the truck. After some conversation between the two, plaintiff exchanged places with Carter. Before he did so, however, Carter said to him, "You don't have to get up there if you don't want to."

Plaintiff described the truck and his position on it as follows: "I stood up on the bumper and sat down on the left fender. . . . I leaned over the hood of the truck to the right, holding on the hood of the truck. There was nothing else up there for me to hold on to." The fenders and the hood of the truck were one continuance surface except for a decorative "crease" about one inch high on each side. "It was not like the old timey trucks with a curved fender that went up and down."

As soon as he was seated, the truck began to push the car in low gear. When the automobile did not start Carter shifted into second. Within fifty feet the car "caught" and pulled away from the truck. When it did, the truck jerked and veered to the left. Carter applied the brakes and plaintiff "came off the truck." He hit on his feet, ran five or six steps, fell on the tar and gravel road very hard, and slid ten to fifteen feet. The truck came to a stop even with plaintiff; it never touched him. According to Gilbert, who was in the truck at the time, Carter "did not speed up or suddenly stop or do anything that would cause David to fall off the truck." Upon being recalled just before the close of the evidence, Gilbert testified that in his opinion the truck was going forty-five miles per hour at the time the automobile pulled away from it but he had no actual knowledge as to the speed in miles per hour. That estimate was his "best guess". Plaintiff

sustained a serious head injury from which he has only partially recovered.

In the complaint, plaintiff alleged that his injuries were proximately caused by Carter's negligence in failing to keep the truck under proper control in that he suddenly and rapidly decreased the speed of the truck without warning. By answer, defendant alleged plaintiff's contributory negligence in bar of any recovery in this action. At the close of plaintiff's evidence, defendants' motion for nonsuit was allowed. Plaintiff appealed.

*Henry M. Whitesides for plaintiff appellant.*
*Carpenter, Webb & Golding and Mullen, Holland & Cooke for defendant appellees.*

PER CURIAM. The plaintiff, voluntarily and without any obligation to do so, placed himself upon the hood of a truck in order to weight down its bumper so that the truck might push an automobile until its motor started. He was fully aware that the hood was smooth and there was nothing on it to which he could hold. He also knew, or should have reasonably anticipated, that there might be jerks or bumps likely to cause him to lose his balance or to throw him from the truck while it was in motion. The injuries he sustained were the result of the risks to which he deliberately exposed himself. In thus placing himself in a position of obvious peril, the plaintiff was guilty of contributory negligence which barred his right to recover as a matter of law and necessitated the nonsuit. *Bogen v Bogen,* 220 N.C. 648, 18 S.E. 2d 162; *Barnes v. Horney,* 247 N.C. 495, 101 S.E. 2d 315.

A seventeen-year old plaintiff is presumed to have sufficient capacity to understand and avoid a clear danger, and he is chargeable with contributory negligence as a matter of law if he fails to do so. *Tallent v. Talbert,* 249 N.C. 149, 105 S.E. 2d 426; *Van Dyke v. Atlantic Greyhound Corp.,* 218 N.C. 283, 10 S.E. 2d 727; *Rimmer v. R. R.,* 208 N. C. 198, 179 S.E. 753; *Baker v. R. R.,* 150 N.C. 562, 64 S.E. 506; 38 Am. Jur., Negligence, § 205, p. 891; 3 Strong, N. C. Index, Negligence, § 16. There is no evidence in the record which would overcome this presumption.

Plaintiff now contends, however, that after he had placed himself in a position of peril, he was thrown from the truck only because Carter negligently increased its speed to forty-five miles per hour. This contention is not supported by either allegation or proof. We take judicial notice that a truck traveling forty-five miles per hour cannot be stopped in thirty-three feet as plaintiff's evidence indicates

this truck was. Evidence which is inherently impossible will not take a case to the jury. *Jones v. Schaffer,* 252 N.C. 368, 114 S.E. 2d 105.

The question of Carter's agency and authority, debated in the briefs, is rendered moot by the plaintiff's contributory negligence.

The judgment of the court below is

Affirmed.