PEARL THOMPSON PRESNELL, ADMINISTRATRIX OF THE ESTATE OF HENRY JUNIOR PRESNELL, DECEASED, v. MAYBERRY PAYNE AND RUSSELL DEAN FOWLER.

(Filed 22 November, 1967.)

**1. Negligence § 11—**

As a general rule, one who has capacity to understand and avoid a known danger and fails to take advantage of this opportunity, and injury results, is chargeable with contributory negligence which bars recovery.

**2. Automobiles § 81—**

Allegations and evidence to the effect that intestate took a position on the fender of a truck which was pushing a stationwagon in order to keep one bumper from overriding the other, that when the engine of the stationwagon ignited and it moved ahead under its own power, the driver of the truck applied his brakes, causing intestate to fall from the fender and be run over by the truck, resulting in fatal injury, *held* to establish contributory negligence as a matter of law.

**3. Negligence § 10—**

The doctrine of last clear chance applies when the court finds defendant guilty of contributory negligence as a matter of law as well as when the jury answers the issue of contributory negligence in the affirmative; but the doctrine does not apply unless there is negligence on the part of plaintiff and contributory negligence on the part of defendant, and defendant has time and opportunity to avoid the injury after discovering the peril.

**4. Automobiles § 89—**

Allegations and evidence to the effect that intestate took a position on the fender of a truck which was pushing a stationwagon, that when the engine of the stationwagon ignited and it moved ahead under its own power, the driver of the truck applied his brakes, causing intestate to fall from the fender and be run over by the truck, resulting in fatal injury, *held* insufficient to support the submission of the issue of last clear chance, and therefore nonsuit was properly entered.

BOBBITT, J., dissenting.

SHARP, J., joins in dissenting opinion.

APPEAL by plaintiff from *Seay, J.,* July 24, 1967 Civil Session, RANDOLPH Superior Court.

The plaintiff, administratrix of Henry Junior Presnell, instituted this civil action against the defendants to recover for the alleged wrongful death of her intestate.

The plaintiff alleged, and offered evidence in support of the allegations, that on June 10, 1963 Russell Dean Fowler, driving Mayberry Payne's truck, (by pushing) attempted to start Cletus Lineberry's stationwagon, which was stalled on the highway. Plaintiff's intestate took a seat on the right front fender of the truck for the purpose of preventing damage to the stationwagon by the front bumper of the truck overriding the rear bumper of the stationwagon. After the truck pushed the stationwagon for a short distance, its engine ignited and it moved forward under its own power. As Fowler applied brakes for the purpose of stopping or slowing down the truck, intestate lost his balance and fell from the fender, was run over, and fatally injured. The plaintiff alleged Fowler was negligent in that knowing of intestate's exposed position, he suddenly applied brakes, causing the truck to slow down and intestate to pitch forward in front of the truck, which ran over him.

The defendants, by answer, denied negligence on the part of Fowler and (conditionally) pleaded intestate's contributory negligence in that he voluntarily occupied a dangerous position on the fender of the truck which caused or contributed to his injuries, and this conduct constituted a bar to recovery. The plaintiff, by reply, alleged that notwithstanding defendant Fowler's negligence and intestate's contributory negligence (if such be found), that the defendant Fowler had the last clear chance to avoid injuring plaintiff's intestate and negligently failed and neglected to avail himself of that opportunity.

At the close of the evidence, the Court entered judgment of involuntary nonsuit, from which the plaintiff appealed.

*John Randolph Ingram for plaintiff appellant.*

*Miller, Beck and O'Briant and Steve Glass by Adam W. Beck for defendant appellee Payne.*

*Coltrane and Gavin by T. Worth Coltrane, Jerry M. Shuping for defendant appellee Fowler.*

HIGGINS, J. The plaintiff does not concede her intestate was contributorily negligent, as alleged in the answer, by voluntarily riding on the fender of the defendant's truck. Nevertheless, the plaintiff does stressfully contend that if it be determined by the Court as a matter of law, or by the jury as an issue of fact, that

the plaintiff's intestate was contributorily negligent, nevertheless plaintiff is entitled to recover upon the ground that defendant Fowler knew of intestate's exposed position; had time and opportunity to avoid the injury, and he negligently failed to avail himself of that opportunity.

As a general rule, one who has capacity to understand and avoid a known danger and fails to take advantage of that opportunity, and injury results, he is chargeable with contributory negligence, which will bar recovery. *Burgess v. Mattox,* 260 N.C. 305, 132 S.E. 2d 577; *Huffman v. Huffman,* 271 N.C. 465, 156 S.E. 2d 684; *Tallent v. Talbert,* 249 N.C. 149, 105 S.E. 2d 426. In such event, nonsuit is proper on the theory that defendant's negligence and plaintiff's contributory negligence are proximate causes of the injury. "The finding against the plaintiff on the latter issue (contributory negligence) precludes recovery based on negligence." *Boldridge v. Crowder Construction Co.,* 250 N.C. 199, 108 S.E. 2d 215; *Wilson v. Camp,* 249 N.C. 754, 107 S.E. 2d 743; *Badders v. Lassiter,* 240 N.C. 413, 82 S.E. 2d 357. The negligence referred to is that which is alleged in the complaint.

However, " '. . . If the original wrong only becomes injurious in consequence of the intervention of some distinct wrongful act or omission by another, the injury shall be imputed to the last wrong as the proximate cause, and not to that which was more remote.' (Citing cases). In *Baker v. R. R.,* 118 N.C. 1015, 24 S.E. 415, the last clear chance was referred to as 'intervening negligence after the careless act of the plaintiff (contributory negligence) was complete and became a fact accomplished.' This expression doubtless means that the negligence of the party injured must have spent itself before the principle of last clear chance would apply . . . 1. The doctrine of last clear chance does not arise until it appears that the injured party has been guilty of contributory negligence. 2. No issue with respect thereto must be submitted to the jury unless there is evidence to support it. . . . 5. The doctrine (last clear chance) does not apply when the contributory negligence of the injured party bars recovery as a matter of law."

The foregoing quotations are from *Redmon v. R. R.,* 195 N.C. 764, 143 S.E. 829. It seems clear that if recovery is barred, there can be no recovery. The Court's statement in (5) follows the statement in (1) that the doctrine does not arise until it appears that the injured party has been guilty of contributory negligence.

The opinion in *Redmon* and the cases therein cited were relied on as authority for this statement in *Ingram v. Smoky Mountain Stages, Inc.,* 225 N.C. 444, 35 S.E. 2d 337: "(1) the doctrine (last clear chance) does not apply when the plaintiff is guilty of con-

tributory negligence as a matter of law." Schenck, J., dissented. In *Redmon*, the Court said last clear chance does not arise when the contributory negligence bars recovery. In *Ingram*, the Court said the doctrine does not apply when the plaintiff is guilty of contributory negligence as a matter of law.

In *Dowdy v. R. R.* and *Burns v. R. R.*, 237 N.C. 519, 75 S.E. 2d 639, the Court, citing *Redmon, Ingram* and others, repeated the holding that: ". . . (L)ast clear chance does not apply when the plaintiff is guilty of contributory negligence as a matter of law." Johnson, J. dissented.

*Redmon* and *Ingram*, and other cases, were cited by the Court in *Arvin v. McClintock*, 253 N.C. 679, 118 S.E. 2d 129 as authority for this statement: "Moreover, having decided that plaintiff's intestate was negligent as a matter of law, the doctrine of last clear chance is not applicable." Bobbitt, J., in an opinion concurring in result but dissenting from the view that contributory negligence as a matter of law bars recovery under the last clear chance rule, assigns cogent reasons in support of the dissent. Higgins and Rodman, JJ. joined in the concurring opinion.

Our cases hold that an issue of last clear chance cannot arise until the negligence of the defendant and the contributory negligence of the plaintiff have been found. Such seems to be the general rule. At this point, however, our North Carolina cases add a twist by holding that the issue even then cannot arise if the contributory negligence of the plaintiff is determined by the Court as a matter of law, rather than by the jury as an issue of fact. Efforts to explain the difference seem to trail off in a confusion of words. The decisions making the distinction have been criticized by the *North Carolina Law Review* in recent articles as "confusing", "illogical", "baffling", and one article concludes ". . . the language should be promptly disavowed by the court". Vol. 33, p. 158; Vol. 40, p. 583; Vol. 42, p. 723.

The last clear chance doctrine imposes on a defendant the duty to use due care and prudence to avoid injury to a plaintiff who is in a perilous position even though negligence on the part of the defendant and contributory negligence on the part of the plaintiff have combined to place him in that position. After the peril arises, the defendant must have time and opportunity to avert it. Am. Jur., Vol. 38, Negligence, p. 904; *Carlson v. Connecticut Co.*, 94 Conn. 131, 108 A. 531.

In this case the defendants dismiss the last clear chance issue by saying contributory negligence appears as a matter of law and the issue cannot arise. We think the better reasoned view is that an issue of last clear chance may arise whether contributory negligence

is determined by the Court as a matter of law, or found by the jury as an issue of fact.

In this case, we hold the Court was correct in refusing to submit the issue of last clear chance, not because contributory negligence appears as a matter of law, but because evidence to support the issue is lacking. The judgment of nonsuit is

Affirmed.

BOBBITT, J., dissenting: I agree fully, for reasons stated in the concurring (in result) opinion in *Arvin v. McClintock*, 253 N.C. 679, 118 S.E. 2d 129, and in the Court's opinion in this cause, that the doctrine of last clear chance is equally available to an injured person without regard to whether contributory negligence appears as a matter of law or is determined by a jury on conflicting evidence.

Ordinarily, the doctrine of last clear chance applies when, in a factual situation created by the defendant's negligence and the plaintiff's contributory negligence, the defendant, by the exercise of due care under the circumstances *then existing*, could have avoided injury to the plaintiff but failed to do so. Here, plaintiff asserts the alleged negligent *action* of defendant, after plaintiff's intestate and defendant were both fully aware of the hazardous position of plaintiff's intestate, proximately caused the injury and death of plaintiff's intestate.

It is conceded defendant was negligent in operating the truck while plaintiff's intestate was sitting on the right front fender thereof, and that riding on the truck in that position constituted (contributory) negligence on the part of plaintiff's intestate. However, both men were fully aware of the purpose of this awkward maneuver and voluntarily accepted the ordinary risks incident thereto. Plaintiff cannot complain in respect of injury to her intestate resulting naturally in the course of his travel in this precarious position, for example, by slipping or falling in the normal course of travel. In my view, defendant would be liable if he, in the light of known hazardous conditions, increased the hazards to which plaintiff's intestate was exposed by additional positive acts of negligence and thereby proximately caused the death of plaintiff's intestate.

Although a borderline case, in my opinion the evidence, when considered in the light most favorable to plaintiff, tends to show defendant, when the station wagon moved ahead under its own power, failed to exercise due care under the circumstances in that he first put on brakes *abruptly,* thereby causing plaintiff's intestate to fall forward from the fender of the truck, and thereafter eased or released his brakes to such extent that the truck struck plaintiff's

intestate after he had fallen. For these reasons, I vote to reverse the judgment of involuntary nonsuit.

SHARP, J., joins in dissenting opinion.