JAMES CLIFTON PEELER, JR. v. EUGENE CRUSE AND PROPST
CONSTRUCTION COMPANY

No. 7219SC3

(Filed 29 March 1972)

1. **Negligence § 12— last clear chance**

   The doctrine of last clear chance is applicable when both plaintiff
   and defendant have been negligent and the defendant has time, after
   the respective negligences have created the hazards, to avoid the injury.

2. **Automobiles § 81; Negligence § 35— riding on motor grader blade —
   contributory negligence**

   Plaintiff was contributorily negligent as a matter of law in
   voluntarily standing on the two-inch blade of a motor grader while
   the grader was in operation.

3. **Automobiles § 89; Negligence § 39— riding on blade of motor grader —
   last clear chance**

   The doctrine of last clear chance did not apply where the un-
   disputed facts show that plaintiff stood on the scraping blade of a
   motor grader being operated in reverse, that plaintiff was holding
   onto a metal bar with both hands, that before the grader reached its
   destination it slowed down from a speed of four to five miles an
   hour to a speed of one to two miles per hour, that plaintiff took his
   right hand off the bar because he thought the grader was going to
   stop, and that as the grader started to regain its speed, plaintiff's
   left hand slipped and he fell from the blade and underneath the wheel.

APPEAL by plaintiff from summary judgment entered for
defendant by *May, Special Judge,* 17 May 1971 Session of Su-
perior Court held in ROWAN County.

On 22 October 1969 plaintiff sustained serious injuries
when he fell from a motor grader which was being operated
by the individual defendant in the course of his employment
for the corporate defendant. At that time plaintiff was em-
ployed by the State Highway Commission and was inspecting
grading work being done by the corporate defendant on a
highway project in Rowan County. After inspecting a portion
of the project, plaintiff and several others got on the motor
grader to ride back to the point where they had started the
inspection. Plaintiff stood on the scraping blade of the machine
and held onto a metal bar with both hands. The blade, which
was about two feet high and two inches thick, was located
between the front axle and the two rear axles of the machine.
The machine was being operated in reverse and one of its front

wheels was three or four feet behind the point on the blade where plaintiff was standing. Plaintiff admitted at his pretrial examination that he had known that if he fell he would be run over by that wheel.

When the motor grader had been operated 450 to 500 feet, and before it reached the place of its destination, it slowed from a speed of four to five miles an hour to a speed of one to two miles an hour. When the machine slowed plaintiff took his right hand off the bar because he thought it was going to stop and he needed to drop his right hand for balance. The machine started to regain its speed and plaintiff's left hand slipped and he fell from the blade and underneath the wheel. Plaintiff stated: "We were riding along, and all of a sudden it started to slow down. When it did, I went forward just a little, and as I went forward—all of a sudden there was a jerk, and it threw me backward." Plaintiff had ridden on the blade of the motor grader before and had seen the machine "jerk" before.

In answer filed by defendant, negligence was denied and plaintiff's contributory negligence was asserted as a proximate cause of his injuries. Plaintiff filed a reply in which he alleged, in the alternative, that defendants had the last clear chance to avoid injury to plaintiff and failed to exercise reasonable care in order to do so.

Defendants moved for summary judgment and offered the pleadings and the transcript of plaintiff's pretrial deposition in support of their motion. The court allowed the motion, finding that plaintiff was guilty of contributory negligence as a matter of law; that his contributory negligence was a proximate cause of his injury; and that the doctrine of last clear chance was inapplicable.

*Robert M. Davis for plaintiff appellant.*

*Carpenter, Golding, Crews & Meekins by Fred C. Meekins for defendant appellee.*

GRAHAM, Judge.

While defendants do not concede their negligence and plaintiff does not concede his contributory negligence, the only question plaintiff argues in this Court is whether the trial judge erred in finding that the issue of last clear chance does not arise on the undisputed facts in this case.

[1]  The doctrine of last clear chance presupposes negligence and contributory negligence. *Arvin v. McClintock,* 253 N.C. 679, 118 S.E. 2d 129. It is applicable when both plaintiff and defendant have been negligent and the defendant has time, after the respective negligences have created the hazards, to avoid the injury. 6 Strong, N.C. Index 2d, Negligence, § 12.

[2]  We think it clear that in standing on the two-inch blade of the motor grader plaintiff voluntarily placed himself in a position of imminent danger. This constituted contributory negligence as a matter of law. *Huffman v. Huffman,* 271 N.C. 465, 156 S.E. 2d 684; *Burgess v. Mattox,* 260 N.C. 305, 132 S.E. 2d 577; *Tallent v. Talbert,* 249 N.C. 149, 105 S.E. 2d 426.

[3]  Whether there is evidence to support a finding that defendants had the last clear chance to avoid injury to plaintiff and negligently failed to avail themselves of this opportunity presents a closer question. However, we find the facts in this case indistinguishable from those considered by the Supreme Court in the case of *Presnell v. Payne,* 272 N.C. 11, 157 S.E. 2d 601, and affirm the judgment on the basis of the majority opinion in that case. In *Presnell* one of the defendants attempted to start a station wagon by pushing it with a truck. Plaintiff's intestate took a seat on the right front fender of the truck for the purpose of preventing damage to the station wagon by the front bumper of the truck overriding the rear bumper of the station wagon. The station wagon started and moved forward as defendant applied brakes for the purpose of stopping or slowing down the truck. Plaintiff's intestate lost his balance, fell from the fender, and was fatally injured. The dissenting opinion interpreted the evidence as showing that defendant first put on brakes abruptly, thereby causing plaintiff's intestate to fall forward from the fender of the truck, and thereafter eased or released his brakes to such extent that the truck struck plaintiff's intestate after he had fallen. The Supreme Court, with two justices dissenting, held that the trial court correctly refused to submit the issue of last clear chance because evidence to support the issue was lacking.

Plaintiff contends that the cases are distinguishable in that in *Presnell* plaintiff's intestate should have anticipated that defendant would stop the truck as soon as the station wagon started; whereas, the plaintiff here had no reason to anticipate that the individual defendant would stop the motor grader

before reaching the point of destination. We do not regard this distinction, if in fact it is a distinction, as sufficient to remove this case from the control of the precedent set in *Presnell*. Actually, although plaintiff contends that the motor grader "jerked," and that this caused him to fall, his testimony clearly indicates that the "jerk" was nothing more than a slowing of the machine by no more than three or four miles an hour, and then an acceleration back to its original speed. Moreover, plaintiff knew the machine was subject to "jerk" because he had seen it do so in the past. When plaintiff got on the narrow blade, he assumed all of the natural risks incident to riding in such a dangerous position, including the risk that the machine would not be operated at a constant speed at all times and the risk that it might "jerk" as he had observed it do on other occasions.

Under the authority of *Presnell v. Payne, supra,* the judgment is affirmed.

Affirmed.

Judges CAMPBELL and BRITT concur.