FRANKLIN DALE MANESS v. HUBERT DEE INGRAM AND BARNEY LEE BREWER

No. 7519SC845

(Filed 17 March 1976)

1. **Witnesses § 6— cross-examination — statement given to insurance adjuster**

The trial court did not err in permitting defense counsel to cross-examine a witness about a statement he had given to an insurance

Maness v. Ingram

adjuster after instructing the parties and attorneys not to disclose to the jury that the statement had been obtained by an insurance adjuster.

2. **Automobiles § 83— pedestrian — contributory negligence in crossing highway**

In a pedestrian's action to recover for injuries received when he was struck by defendants' car, the issue of contributory negligence was properly submitted to the jury where there was evidence that plaintiff was crossing the roadway at an unmarked crossing in the path of an oncoming car which had the right-of-way. G.S. 20-174(a).

APPEAL by plaintiff from *Rousseau, Judge.* Judgment entered 1 May 1975 in Superior Court, MONTGOMERY County. Heard in the Court of Appeals 12 February 1976.

In this action plaintiff seeks to recover for personal injuries sustained when he was struck by an automobile which he alleges belonged to defendant Brewer and was being negligently operated by defendant Ingram. Defendants denied any negligence on the part of Ingram and alleged that plaintiff's injuries resulted from his own negligence.

Plaintiff offered evidence tending to show: At about 3:45 a.m. on 21 March 1971 several cars were stopped on the shoulders of U. S. Highway 220 between Biscoe and Candor in Montgomery County. Two cars, including one that had run out of gas, were on the west side of the highway and a third car was stopped on the east side of the highway. Plaintiff and Willis Lee Auman were talking with some people in the car on the east side and decided to walk across the highway. They looked for oncoming traffic and saw a car approaching from the north about 500 feet away. Auman stated that they had sufficient time to cross ahead of the oncoming car and proceeded to walk across the highway with plaintiff following about one step behind him. As Auman reached the west shoulder, the oncoming car, owned and operated by defendants and traveling at about 65 m.p.h., struck plaintiff, inflicting serious injuries.

Defendants offered no evidence and issues of negligence, contributory negligence, and damage were submitted to the jury. The jury answered the first two issues in the affirmative and from judgment dismissing the action, plaintiff appealed.

*Ottway Burton and Millicent Gibson for plaintiff appellant.*

*Miller, Beck, O'Briant and Glass, by G. E. Miller, for defendant appellees.*

BRITT, Judge.

**[1]** In his first assignment of error plaintiff contends the court erred in permitting defense counsel to cross-examine the witness Auman about a statement he had given to an insurance adjuster. The court instructed the parties and the attorneys not to disclose to the jury that the statement had been obtained by an insurance adjuster. Plaintiff argues that this instruction by the court placed him in an unfair position and that the court should have excluded the statement completely. We find no merit in the assignment. In certain cases it is permissible to use a writing otherwise inadmissible for impeachment purposes and we think it was permissible in this instance. *Perkins v. Clarke*, 241 N.C. 24, 84 S.E. 2d 251 (1954). *See generally* 1 Stansbury, North Carolina Evidence § 46 (1973). Furthermore, it would appear that defendants' use of the statement related primarily to the issue of negligence and since that issue was answered in plaintiff's favor, we perceive no prejudice.

**[2]** By his second assignment of error, plaintiff contends the court erred in submitting the issue of contributory negligence. This assignment has no merit. Submission of the issue was clearly warranted by the evidence which showed that plaintiff was crossing the roadway at an unmarked crossing in the path of an oncoming car which had the right-of-way. G.S. 20-174(a). In fact, it is hard to distinguish this case from *Price v. Miller*, 271 N.C. 690, 157 S.E. 2d 347 (1967), in which the Supreme Court affirmed an involuntary nonsuit on the ground of contributory negligence as a matter of law. *See also Anderson v. Carter*, 272 N.C. 426, 158 S.E. 2d 607 (1968) ; *Presnell v. Payne*, 272 N.C. 11, 157 S.E. 2d 601 (1967), and cases therein cited.

We have considered the other assignments of error argued by plaintiff and find them likewise to be without merit.

No error.

Judges HEDRICK and MARTIN concur.