DAISEY STEPHENS v. JUDITH BRAME MANN

No. 8010SC435

(Filed 16 December 1980)

**Automobiles § 89.3— plaintiff thrown from pickup truck — insufficiency of evidence of last clear chance**

In an action to recover for personal injuries sustained by plaintiff when she fell from the back of a pickup truck owned and operated by defendant, the trial court did not err in refusing to submit to the jury the issue of last clear chance, since plaintiff did not place herself in a position of helpless peril when she climbed into the back of the truck to hold down unsecured furniture, danger not being the equivalent of helpless peril; the evidence did not support a conclusion that once plaintiff entered the loaded truck and it began moving, she could do nothing to protect herself or was inadvertent to her precarious condition, because she was well aware that items had fallen out of the truck earlier but she was not holding on to anything as she rode; and defendant could not see plaintiff on the back of the truck and there was no evidence that she was aware of plaintiff's plight or that, had she been aware of it, she would have had a chance to avoid plaintiff's being thrown from the truck.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 14 February 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 4 November 1980.

Plaintiff seeks recovery for personal injuries sustained when she fell from the back of a pickup truck owned and operated by defendant. Plaintiff alleges that defendant was negligent in driving an improperly loaded truck at a speed greater than reasonable and prudent.

Evidence for plaintiff tends to show that on 4 July 1978, plaintiff and defendant were moving furniture from Raleigh to Coats, North Carolina. The furniture belonged to a girlfriend of plaintiff's son Doug Stephens. The first load was delivered without incident. Another load of furniture was placed into defendant's truck. The load was not secured, and the tailgate was down. Plaintiff was seated in the cab of the truck and defendant was driving. Plaintiff's two sons, Doug and John, followed in separate vehicles.

As the truck travelled down Fannie Brown Road, a bookcase fell off. The bookcase was reloaded, and plaintiff got into the back of the truck to hold down the furniture. Plaintiff testified she didn't know if defendant told her she should not ride in the back, that it was dangerous. John Stephens testified that he did not hear such a warning.

Plaintiff was sitting on, or was propped against, some mattresses which were placed across a couch. Plaintiff was not holding on to anything. Defendant drove farther, accelerated, and a mattress flew up. Plaintiff braced herself with her feet, but was thrown onto the highway. John Stephens testified that defendant was travelling about thirty-five to forty miles per hour when he saw his mother fall.

Defendant moved for directed verdict at the close of plaintiff's evidence. The motion was denied.

Defendant's evidence tends to show that she had never moved furniture before and was unfamiliar with how it should be loaded. Before the second trip, Doug and John Stephens loaded the furniture into defendant's truck. During that trip, a mattress and a bookcase fell off the truck one or more times. Plaintiff decided to get in the back of the truck to hold down the furniture. Defendant told her she should not, that she might fall. Defendant drove more slowly because she knew plaintiff was on the back. Defendant was driving about twenty miles per hour, slowing down for a stop sign, when plaintiff fell off.

The normal speed limit was fifty-five miles per hour. Defendant had just gone around a curve where the speed limit was posted at thirty-five miles per hour. She could not see plaintiff on the back of the truck before she fell.

Defendant's renewed motion for directed verdict at the conclusion of all evidence was denied. Issues of negligence and contributory negligence were submitted to the jury. The trial judge refused plaintiff's request for an instruction on last clear chance. The jury found both negligence on the part of defendant and contributory negligence by plaintiff. Judgment was entered in favor of defendant. Plaintiff's motion that the judgment be set aside and a new trial be granted was denied. Plaintiff appeals.

*Sanford, Adams, McCullough & Beard, by J. Allen Adams and Charles C. Meeker, for plaintiff appellant.*

*Teague, Campbell, Conely & Dennis, by Richard B. Conely and George W. Dennis III, for defendant appellee.*

MARTIN (Harry C.), Judge.

Plaintiff's sole assignment of error is the trial court's refusal to submit to the jury the issue of last clear chance. The doctrine of last clear chance allows a plaintiff to recover despite his own contributory negligence when the defendant could have avoided plaintiff's injuries by exercising reasonable care and prudence, after plaintiff's negligence had occurred, but failed to do so. *Earle v. Wyrick,* 286 N.C. 175, 209 S.E.2d 469 (1974), *rehearing denied,* 286 N.C. 547 (1975). The issue of last clear chance must be submitted to the jury if the evidence, viewed in the light most favorable to the plaintiff, will support a reasonable inference of each essential element of the doctrine. *Cockrell v. Transport Co.,* 295 N.C. 444, 245 S.E.2d 497 (1978). However, "'[n]o issue with respect thereto must be submitted to the jury unless there is evidence to support it . . . .'" *Presnell v. Payne,* 272 N.C. 11, 13, 157 S.E.2d 601, 602 (1967). The burden is on the plaintiff to establish that the doctrine of last clear chance is applicable to the facts of his case. *Vernon v. Crist,* 291 N.C. 646, 231 S.E.2d 591 (1977).

It is true, as plaintiff points out, that the North Carolina courts have liberalized the application of last clear chance in recent years. In *Presnell, supra,* Justice Higgins held that the doctrine may apply whether plaintiff's contributory negligence is a matter of law or a

question of fact for the jury. In *Exum v. Boyles,* 272 N.C. 567, 158 S.E.2d 845 (1968), the Supreme Court decided that contributory negligence would no longer nullify or cancel defendant's "original negligence" to bar application of last clear chance. In *Exum* Justice Lake observed that the doctrine of last clear chance is not a single rule, but a series of rules which differ depending on the factual situation.

> [T]o bring into play the doctrine of the last clear chance, there must be proof that after the plaintiff had, by his own negligence, gotten into a position of helpless peril (or into a position of peril to which he was inadvertent), the defendant discovered the plaintiff's helpless peril (or inadvertence), or, being under a duty to do so, should have, and, thereafter, the defendant, having the means and the time to avoid the injury, negligently failed to do so. The only negligence of the defendant may have occurred after he discovered the perilous position of the plaintiff. Such "original negligence" of the defendant is sufficient to bring the doctrine of the last clear chance into play if the other elements of that doctrine are proved.

*Id.* at 576-77, 158 S.E.2d at 853.

In *Wray v. Hughes,* 44 N.C. App. 678, 262 S.E.2d 307, *disc. rev. denied,* 300 N.C. 203 (1980), Chief Judge Morris summarized the elements of last clear chance as follows:

> It is well established that in order to submit the issue of last clear chance to the jury, the evidence must tend to show the following elements: (1) that plaintiff, by his own negligence, placed himself in a position of peril (or a position of peril to which he was inadvertent); (2) that defendant saw, or by the exercise of reasonable care should have seen, and understood the perilous position of plaintiff; (3) that he should have so seen or discovered plaintiff's perilous condition in time to have avoided injuring him; (4) that notwithstanding such notice defendant failed or refused to use every reasonable means at his command to avoid the impending injury; and (5) that as a result of such failure or refusal plaintiff was in fact injured.

*Id.* at 681-82, 262 S.E.2d at 309-10.

Thus, the doctrine of last clear chance is not a method of compar-

ing the relative fault of each party, but is related to the determiation of proximate cause. *See Vernon, supra.* It is well noted that under the doctrine, liability is imposed on a defendant only when he has had "a last 'clear' chance, not a last 'possible' chance to avoid injury." *Grant v. Greene,* 11 N.C. App. 537, 541, 181 S.E.2d 770, 772 (1971). *Accord, Wise v. Tarte,* 263 N.C. 237, 139 S.E.2d 195 (1964); *Wray, supra.*

Applying the above stated law to the facts of this case, plaintiff has failed to establish that she had placed herself in a position of helpless peril which defendant saw and understood (or should have seen and understood) and that defendant could have, but did not, avoid the injury to plaintiff.

Plaintiff contends that she placed herself in a position of helpless peril when she climbed into the back of the pickup truck to hold down the unsecured furniture. In oral argument, plaintiff's counsel contended that the last clear chance doctrine came into play when defendant began driving under those circumstances. We do not agree. Although plaintiff may have placed herself in a dangerous position, danger alone is not the equivalent of helpless peril. The evidence does not support a conclusion that once plaintiff entered the loaded truck and it began moving, she could do nothing to protect herself or was inadvertent to her precarious condition. On the contrary, plaintiff testified that she was not holding on to anything as she rode. She was well aware that items had fallen out earlier, as that was the very reason she chose to ride in the back.

Although at trial plaintiff denied hearing defendant warn her of the danger of riding with the furniture, plaintiff now contends that defendant's alleged warning acknowledged her awareness of plaintiff's helpless peril. As we do not find plaintiff to have been in a helpless condition at the time defendant resumed driving, this argument is without merit. Only at the time the mattress began to rise up was plaintiff in a condition from which she could not protect herself. Defendant testified she could not see plaintiff on the back of the truck. There is no evidence to show that at that time defendant was aware of plaintiff's plight, nor that if she had been, she would have had a chance to avoid plaintiff's being thrown from the truck.

Plaintiff urges that her case is similar to the *Vernon* case, *supra*. In *Vernon,* the plaintiff was leaning against or sitting on the trunk of defendant's automobile. Defendant knew of plaintiff's position but

started the car without warning as a joke. Plaintiff was unaware that defendant was in the car or that the vehicle would be moving forward. When it started, plaintiff fell and struck his head. The Court held that there was sufficient evidence of each element of last clear chance to submit the issue to the jury. Unlike the plaintiff in *Vernon,* plaintiff in the present case knew that the vehicle would be driven forward.

The situation in the case sub judice is more closely analogous to that in *Peeler v. Cruse,* 14 N.C. App. 79, 187 S.E.2d 396 (1972). There plaintiff fell from a motor grader while standing on a scraping blade. The machine slowed down and plaintiff released his grip. When the vehicle regained speed, plaintiff lost his balance and was run over by the grader. The Court stated: "When plaintiff got on the narrow blade, he assumed all of the natural risks incident to riding in such a dangerous position, including the risk that the machine would not be operated at a constant speed at all times and the risk that it might 'jerk' as he had observed it do on other occasions." *Id.* at 82, 187 S.E.2d at 398.

The other cases cited by plaintiff in support of her argument, *Exum, supra, Earle, supra,* and *Cockrell, supra,* are inapposite to the present case. In each of those cases there was evidence that the defendant had a clear and unobstructed view of the plaintiff, who was unable to extricate himself from his helpless position. *Exum* involved a plaintiff's intestate who was changing a tire of a car parked on the shoulder of a road and was struck by defendant's automobile. In *Earle,* defendant's vehicle struck a pedestrian walking in the street at night. The plaintiff in *Cockrell* was in a stalled automobile which was struck by an oncoming truck. In each of these cases the Supreme Court held that the doctrine of last clear chance was applicable, because there was evidence that the defendant could have seen the plaintiff and avoided the injury. In the present case, plaintiff was behind defendant and out of her view. Judge Herring properly refused to submit the issue of last clear chance to the jury. The assignment of error is overruled.

With this holding, it is unnecessary to discuss defendant's assignment of error regarding the trial court's refusal to grant her motions for directed verdict.

No error.

Chief Judge MORRIS and Judge WEBB concur.