***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Houser and the briefs before the Full Commission. The appealing parties have not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Order. Accordingly, the Full Commission affirms, with modifications, the Decision and Order of Deputy Commissioner Houser.
 *********** ISSUE TO BE DETERMINED
Whether Defendant, by and through its employees, was negligent in failing to properly equip its shower facilities for handicapped inmates, or to otherwise provide appropriate assistance to handicapped inmates, thereby resulting in Plaintiff sustaining damages. *Page 2 
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, Mr. John L. Wray, Jr., is a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction (hereinafter "NCDOC") at Mountain View Correctional Institution. Plaintiff has alleged that on or about April 11, 2005, that one or more of Defendant's employees at Caldwell Correctional Institution were negligent in failing to properly equip its shower facilities for handicapped inmates, or to otherwise provide appropriate assisting devices to handicapped, or non-fully ambulatory inmates.
2. Plaintiff, who has a prosthetic leg, specifically asserts that on April 11, 2005, he had to bathe in a shower made available to him that had no railings or device or place on which to sit. Plaintiff further asserts that when the water pipe he was holding onto in order to stand upright became unbearably hot, his hand slipped, he lost his balance, and fell. Plaintiff testified that as a result of his fall he injured his neck, back, and right ankle.
3. The credible evidence of record also establishes that the floor of the shower stall was graded towards the middle to enhance drainage. Accordingly, the floor of the shower was not a completely flat surface.
4. The Full Commission finds that Plaintiff was not contributorily negligent.
5. The Full Commission finds that Defendant, by and through its employees, owed Plaintiff a duty of reasonable care to properly equip its shower facilities at the Caldwell Correctional Institution for the use of non-fully ambulatory inmates, particularly inmates with a clear and obvious handicap. *Page 3 
6. The Full Commission finds that Defendant, by and through its employees, breached their duty of reasonable care owed to Plaintiff by making available to him a shower that had no railings or device or place on which to sit, and that as a proximate result of this breach of duty, Plaintiff sustained injuries to his neck, back, and right ankle.
7. The Full Commission finds that Plaintiff sustained damages as a result of the Defendant's negligence and breach of duty of reasonable care owed to him.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the North Carolina Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties."Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove the four common law elements of negligence: (1) that one or more employees or agents of the defendant owed the plaintiff a cognizable duty, and (2) breached this duty, and (3) that this breach proximately caused, (4) injury to the plaintiff. Id.
3. In order to prevail in a claim filed pursuant to this Act, Plaintiff must allege and prove "that there was negligence on the part of an officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority that was the proximate cause of the injury and that there was no contributory negligence" on the part of the Plaintiff. N.C. Gen. Stat. § 143-291(a). *Page 4 
4. The Full Commission concludes as a matter of law that Plaintiff was not contributorily negligent regarding the events of April 11, 2005. Presnell v. Payne,272 N.C. 11, 13, 157 S.E.2d 601, 602 (1967).
5. Defendant, by and through its employees, owed plaintiff a reasonable duty of care to properly equip its shower facilities at the Caldwell Correctional Institution for the use of non-fully ambulatory inmates, particularly ones with a clear and obvious handicap. Bolkir v. N.C. State Univ.,321 N.C. 706, 365 S.E.2d 898 (1988).
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff SHALL HAVE AND RECOVER from Defendant compensatory damages in the amount of $500.00.
2. Defendant shall pay the costs.
This the 8th day of June, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALANCE COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1