GARY A. SHAY v. RALPH EDWARD NIXON AND TAXICABS, INC. T/A YELLOW CAB COMPANY

No. 79SC474

(Filed 5 February 1980)

1. **Automobiles § 55— stopping vehicle without warning—sufficiency of evidence of negligence**

    In an action to recover for personal injuries sustained by plaintiff policeman when his motorcycle collided with defendant's taxicab, evidence that defendant suddenly stopped his taxicab without giving a warning signal was evidence from which the jury could conclude that defendant's negligence was a proximate cause of the collision, and the trial court therefore properly submitted the negligence issue to the jury.

2. **Automobiles § 76.1— police officer pursuing vehicle—striking stopped vehicle—no contributory negligence as matter of law**

    In an action by plaintiff policeman to recover for personal injuries sustained when his motorcycle collided with defendant's taxicab while plaintiff was in pursuit, plaintiff was not contributorily negligent as a matter of law in failing to keep a proper lookout or in following too closely, since plaintiff testified that immediately before the collision, he glanced down at his speedometer and that he was following standard police procedures when he did so, and since plaintiff, as a police officer, was required to pursue defendant and gain on him if he could.

APPEAL by plaintiff from *Reid, Judge.* Judgment entered 2 February 1979 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 8 January 1980.

This is an action for personal injury. It was tried before a jury. The plaintiff's evidence showed that on 24 March 1976 he was an officer with the City of Wilmington Police Department. On that date, while on duty as a motorcycle patrolman, the plaintiff observed a taxicab operated by defendant Ralph Edward Nixon turn into Third Street from Dock Street without stopping at a stop sign. The taxicab was accelerating in speed while proceeding in the inside southbound lane of Third Street. Mr. Shay pursued the taxicab, and when he was five or six carlengths behind it, he turned on his blue light. As he was putting his foot on the pedal to start the siren, he glanced at his speedometer to check his speed. Mr. Shay testified this was normal police procedure. He further testified that he could see the taxicab with his peripheral vision while he was checking the speedometer. When Mr. Shay looked up, the taxicab had stopped in the inside southbound lane of Third Street, and he was unable to avoid a collision. The plaintiff offered evidence that the brake lights on the taxicab never came on and no signal was given by Ralph Edward Nixon that he was preparing to stop. At the conclusion of the evidence, the defendants made a motion for a directed verdict. The court was of the opinion that the motion should be allowed but in order to avoid a possible new trial, the court submitted the issues to the jury. The jury answered the issues favorably to the plaintiff, and the court granted the defendants' motion for judgment notwithstanding the verdict. G.S. 1A-1; Rule 50(b)(1). Plaintiff appealed.

*Marshall, Williams, Gorham and Brawley, by Lonnie B. Williams, for plaintiff appellant.*

*Poisson, Barnhill, Butler and Britt, by Donald E. Britt, Jr., for defendant appellees.*

WEBB, Judge.

The question raised by this appeal is whether the court should have granted the defendants' motion for a directed verdict at the end of all the evidence. The defendants' motion for directed verdict should have been allowed if the jury could have drawn no

conclusion from the evidence but that either the collision was not proximately caused by the negligence of defendant Ralph Edward Nixon, or that the contributory negligence of the plaintiff was a proximate cause of the collision.

[1]    The evidence that Ralph Edward Nixon suddenly stopped the taxicab in the inside southbound lane of Third Street without giving a warning signal is evidence from which the jury could conclude the negligence of Ralph Edward Nixon was a proximate cause of the collision. *See Stith v. Perdue*, 7 N.C. App. 314, 172 S.E. 2d 246 (1970). The negligence issue was properly submitted to the jury.

[2]    As to the contributory negligence issue, the defendant contends plaintiff failed to keep a proper lookout and that he was following too closely in violation of G.S. 20-152(a). The fact that there was a collision between the plaintiff's following vehicle and the vehicle being driven by defendant Nixon is some evidence that plaintiff was following too closely and that he failed to keep a proper lookout. The fact of the collision does not compel such a conclusion, however. *See Ratliff v. Power Co.*, 268 N.C. 605, 151 S.E. 2d 641 (1966). We must look at all the circumstances to determine if the jury must reach either or both of these conclusions. As a police officer, plaintiff was required to pursue defendant Nixon and gain on him if he could. *See* G.S. 20-114(a). We cannot hold that the jury could only conclude plaintiff was following too closely. Plaintiff testified he was following standard police procedures when he glanced down at his speedometer. We cannot hold the jury could only conclude that plaintiff failed to keep a proper lookout. The contributory negligence issue was properly submitted to the jury. *See Robinson v. McMahan*, 11 N.C. App. 275, 181 S.E. 2d 147, *cert. denied*, 279 N.C. 395, 183 S.E. 2d 243 (1971).

It was error to grant the defendants' motion for judgment notwithstanding the verdict. We remand this case for entry of a judgment consistent with this opinion.

Reversed and remanded.

Judges VAUGHN and MARTIN (Harry C.) concur.