WILLIAM CLEMONS AND PATRICIA CLEMONS, CO-ADMINISTRATORS OF THE
ESTATE OF WAYNE MCCOY CLEMONS v. DONALD RAY WILLIAMS

No. 823SC310

(Filed 5 April 1983)

Automobiles and Other Vehicles § 89.1— last clear chance—sufficiency of evidence
to require submission of issue

Plaintiffs' evidence was sufficient to require the submission of an issue of
last clear chance to the jury where it tended to show that defendant was
travelling 40 miles per hour in a 55 miles per hour speed zone on a level,
straight, asphalt road at approximately 1:00 a.m. on a foggy night; plaintiffs'
intestate was lying in defendant's lane of travel; when defendant was about
400 feet away, another driver pulled his vehicle in front of the body in an at-
tempt to shield it and blinked the vehicle's headlights from bright to dim for
at least five to ten seconds to warn defendant; without slowing down, defend-
ant partially entered the opposite lane of traffic to avoid hitting the vehicle in
his lane; immediately upon passing that vehicle, the defendant reentered the
proper lane of travel and hit the intestate who was lying approximately 15 feet
behind the vehicle blinking its lights; and no oncoming traffic was present to
force defendant to return immediately to the proper lane of travel.

APPEAL by plaintiffs from *Brown, Judge.* Judgment entered
27 October 1981 in Superior Court, PITT County. Heard in the
Court of Appeals 10 February 1983.

Plaintiffs' original complaint and amended complaint alleged
that defendant's negligent operation of his automobile was the
proximate cause of the death of plaintiffs' intestate, and further
alleged that any contributory negligence on the part of plaintiffs'
intestate would not bar recovery in this wrongful death action,
since the doctrine of last clear chance was applicable in this case.

Plaintiffs presented evidence at trial tending to show that on
the morning of 23 May 1979, at approximately 1:00 a.m., plaintiffs'
intestate was lying in the westbound lane of N.C. Highway #264,
less than one mile east of Marlboro. At that time Mark Suggs and
wife, Lura Suggs, were travelling on N.C. Highway #264 on their

way from Wilson to Greenville. Though the posted speed limit was 55 m.p.h., they were travelling at a speed of approximately 30 m.p.h. because of a heavy fog in the area. At a distance of 80 feet they noticed something in the opposite lane. They passed by the object and upon turning their vehicle around and coming back towards the object, they observed that it was a man. Being cautious, the Suggs did not get out of their vehicle, but they honked their horn several times and called to the man. When the man's only movement continued to be the rise and fall of his chest, they notified the Farmville Police Department using their CB radio.

The Suggs were waiting for the arrival of the police when they observed the faint glow of defendant's headlights coming from the direction of Marlboro and heading towards Wilson. When the defendant was about 400 feet away, the Suggs pulled their vehicle in front of the body in an attempt to shield it and blinked their headlights from bright to dim for at least 5-10 seconds to warn the defendant of the obstruction. When the defendant was 120 feet from the Suggs, he showed no sign of slowing his vehicle or moving out of the lane in which he was travelling (the same lane in which the Suggs were parked), and the Suggs tried to pull off the road. The defendant's vehicle passed them moving at approximately 40 m.p.h. and straddling the center line. The defendant barely missed hitting the Suggs' vehicle and hit plaintiffs' intestate who was still lying in the westbound lane about 15 feet behind the Suggs' vehicle. The defendant did not attempt to brake at any time before hitting the body.

At the conclusion of plaintiffs' presentation of evidence, defendant's motion for a directed verdict was granted and plaintiffs' complaint was dismissed. From judgment entered pursuant to defendant's directed verdict motion, plaintiffs appeal.

*Willis A. Talton for the plaintiff-appellants.*

*Speight, Watson and Brewer by W. Walton Kitchin, Jr., for the defendant-appellee.*

EAGLES, Judge.

Plaintiffs assign as error the dismissal of the case at the close of their evidence. The appeal raises the question of whether

plaintiffs presented sufficient evidence of defendant's negligence, plaintiffs' intestate's contributory negligence, and defendant's last clear chance to avoid injury to plaintiffs' intestate, to allow the submission of these three issues to the jury for final determination. At each of the three levels of our inquiry, we must consider the evidence in the light most favorable to the plaintiff. *Sink v. Sumrell*, 41 N.C. App. 242, 254 S.E. 2d 665 (1979). In so doing we find plaintiffs' position persuasive and are compelled to hold that the granting of defendant's directed verdict motion was improper.

Plaintiffs' complaint alleged that defendant was negligent in the operation of his automobile with respect to lookout, control and failing to stop or to exercise proper care. The evidence indicates defendant was travelling 40 m.p.h. in a 55 m.p.h. speed zone on a level, straight, asphalt road. When the accident occurred, at approximately 1:00 a.m., the weather conditions were foggy. Through the fog defendant observed another motor vehicle in his lane of traffic, with its blinking headlights facing him. Without slowing down, defendant partially entered the opposite lane of traffic to avoid hitting the vehicle in his lane. Immediately upon passing that vehicle, the defendant reentered the proper lane of travel and hit the intestate who was lying in the right-hand lane of the two lane road approximately 15 feet behind the automobile blinking its lights. No oncoming traffic was present to force defendant to immediately return to the proper lane. While defendant could not see intestate until he had passed the automobile positioned in his lane, defendant should have been able to see the flashing headlights of the other vehicle from his lane for a distance of approximately 400 feet.

"Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite for actionable negligence, and actionable negligence is a requisite for recovery in an action for personal injury negligently inflicted." *Osborne v. Coal Co.*, 207 N.C. 545, 546, 177 S.E. 796, 797 (1935). A jury could find, on the basis of the facts in this case, that injury was foreseeable when defendant failed to respond to the flashing headlights of the other car by slowing down or stopping. Plaintiffs' evidence is sufficient to submit the issue of defendant's negligence to the jury.

Contributory negligence on the part of intestate must be presumed, since the only reasonable inference which we may

draw, in the absence of evidence to the contrary, is that intestate voluntarily placed himself on the highway and failed to exercise for his own safety the care of an ordinarily prudent person. *Williamson v. McNeill*, 8 N.C. App. 625, 175 S.E. 2d 294 (1970).

The last clear chance doctrine may be invoked against the driver of a motor vehicle upon a showing

> (1) That the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the motorist knew, or by the exercise of reasonable care could have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands; (3) that the motorist had the time and means to avoid injury to the endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's perilous position and his incapacity to escape from it; and (4) that the motorist negligently failed to see the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him.

*Wade v. Sausage*, 239 N.C. 524, 525, 80 S.E. 2d 150, 151 (1954).

Because the intestate is presumed to have been contributorily negligent, it is necessary for plaintiffs to establish the applicability of the doctrine of last clear chance in order for them to recover for defendant's negligence. As the court found in *Wade*, plaintiffs' evidence in the case *sub judice* raised the issue of last clear chance and required the submission of that issue to the jury.

Our courts have considered the applicability of the last clear chance doctrine to other fact situations where the injured or deceased person was struck by a motor vehicle while he was lying in the road. *Wade, supra; Barnes v. Horney,* 247 N.C. 495, 101 S.E. 2d 315 (1958); *Williamson, supra; Sink, supra; Battle v. Chavis*, 266 N.C. 778, 147 S.E. 2d 387 (1966). In all but *Wade* the applicability of the doctrine of last clear chance was rejected because "the law does not require a motorist to anticipate that a person may be lying or sleeping on the travelled portion of the highway." 41 N.C. App. at 246, 254 S.E. 2d at 668. In each of those cases, the only warning, if any, that the defendant received

was the fact that he observed a box-like object in the road, with only seconds to change course after discovering that the object was in fact a human body. The present case is distinguishable because here the defendant was warned by the highly visible blinking headlights and the presence of another car stopped, facing him, in his lane of traffic. He was required to proceed with the caution that a reasonable person would exercise when there appears to be an obstruction in the road ahead.

Plaintiffs presented sufficient evidence of defendant's last clear chance to avoid injury to plaintiffs' intestate to overcome defendant's motion for a directed verdict.

Reversed.

Judges HEDRICK and JOHNSON concur.