CHRISTINE PROPST McDANIEL, LIBBY ANN LOWMAN AND HUSBAND, TED-
DY R. LOWMAN, AND SADIE IRENE PROPST v. BASS-SMITH FUNERAL
HOME, INC.

No. 8525SC1146

(Filed 20 May 1986)

1. **Dead Bodies § 2— breach of contract for funeral and burial—sufficiency of evidence**

In an action for breach of contract to provide funeral and burial services where plaintiffs sought to recover compensatory damages for mental anguish, the trial court erred in granting defendant's motions for directed verdict as to the claims of three of the plaintiffs, since plaintiffs alleged that they contracted with defendant to provide a casket, funeral service and burial for their deceased relative; defendant admitted that allegation, thereby conclusively establishing that the contract was between all of the plaintiffs and defendant; the evidence tended to show that the casket lid did not close properly so that the deceased's remains were visible during the funeral service; there was evidence that one of defendant's employees attempted to force the lid shut in such a manner as to jostle and disturb the deceased's remains; and there was evidence that each plaintiff experienced emotional upset in varying degrees as a result of the alleged breach of contract. Furthermore, the trial court erred in granting defendant's motion for judgment n.o.v. where the jury awarded the fourth plaintiff $5,000 for mental anguish.

2. **Dead Bodies § 2— breach of contract for funeral and burial—claim for punitive damages properly dismissed**

In an action for breach of contract to provide funeral and burial services for plaintiffs' deceased relative, the trial court properly granted defendant's motions for directed verdict dismissing plaintiffs' claims for punitive damages where the evidence offered by plaintiffs disclosed no identifiable tortious conduct on the part of defendant accompanying its alleged breach of contract, nor was there evidence of the requisite element of aggravated conduct.

3. **Dead Bodies § 2— breach of contract for casket and funeral—obligation to pay contract price**

Defendant's breach of contract to provide a casket and funeral and burial services was not so substantial as to relieve plaintiff of any obligation to pay the contract price.

APPEAL by plaintiff from *Kirby, Judge.* Judgment entered 30 May 1985 in Superior Court, CATAWBA County. Heard in the Court of Appeals 14 February 1986.

Plaintiffs brought this civil action alleging that defendant breached a contract to provide funeral and burial services for Mattie Pollard Propst and alleging also that defendant had breached express and implied warranties with respect to a casket which it provided. Christine Propst McDaniel and Sadie Irene Propst are the daughters of Mattie Pollard Propst; Libby Ann Lowman is her granddaughter and Teddy Lowman is Libby Ann Lowman's husband. Plaintiffs sought to recover compensatory damages for mental anguish and punitive damages. Defendant answered, denying the material allegations of the complaint, and asserted a counterclaim for the amount of the funeral bill.

At trial, plaintiffs' evidence tended to show that Mattie Pollard Propst died on 14 May 1983. On the next day, Sadie Propst, Libby Ann Lowman and Teddy Lowman went to defendant's funeral home to make funeral and burial arrangements. They selected a casket and Sadie Propst signed a "Funeral Purchase Agreement" agreeing to pay for the funeral services. The funeral service was conducted on 17 May 1983. Immediately before the service, witnesses observed defendant's employees experiencing difficulty in attempting to completely close the casket. According to the testimony, during the funeral service the casket lid was open at one corner to the extent that a portion of Mattie Propst's remains were visible. After the funeral service at defendant's chapel, a graveside service was conducted at the cemetery. The casket lid was still not completely closed. After the graveside service was completed, and as the family was being driven from the cemetery, Mrs. Lowman informed Russell Teague, one of defendant's employees, that the casket was open at one end. Mr. Teague returned to the gravesite and, with assistance from two gravediggers, attempted unsuccessfully to close the casket. Mrs. Lowman testified that during these attempts, the casket lid was raised and slammed several times, that Mr. Teague twisted the lid, and that Mrs. Propst's body was jostled about to the extent that Mrs. Lowman became extremely upset and insisted that the efforts be terminated. Mr. Teague told Mrs. Lowman that the casket was not right. Mr. Teague then drove the family back to defendant's funeral home and arrangements were made for another

McDaniel v. Bass-Smith Funeral Home, Inc.

funeral home to return the casket to defendant's funeral home. Defendant provided another more expensive casket at no additional cost and plaintiffs then returned to the cemetery where the burial was completed. As a result of the incident, Mrs. Lowman, Sadie Propst and Christine Propst McDaniel were nervous and distraught and suffered mental distress for some period of time thereafter. Plaintiffs did not pay for the funeral services.

At the close of plaintiffs' evidence, defendant's motions for directed verdict were allowed as to all claims for punitive damages and as to the claims of all plaintiffs except Sadie Propst for compensatory damages. The court also directed a verdict in favor of defendant against Sadie Propst on defendant's counterclaim for the cost of the funeral services.

Defendant then offered evidence tending to show that the casket selected by plaintiffs was a "non-sealer type" casket which was the least expensive casket available and had no rubber gasket between the lid and the bottom of the casket. According to defendant's evidence, such caskets do not have a flush fit between the lid and lower portion. Defendant also presented evidence that the gap between the lid and lower portion of the casket selected by plaintiffs was approximately one-quarter to one-half inch and that such a gap was normal for the type of casket selected by plaintiffs. According to defendant's evidence, the casket lid was fully latched at the funeral home and at the cemetery and the casket was not defective. Mr. Teague denied having slammed or twisted the lid and stated that he did not observe any of the plaintiffs become ill or emotionally upset.

The jury answered the issue of breach in favor of Sadie Propst and awarded her $5,000.00 in compensatory damages. Thereafter, the trial court granted defendant's motion for judgment notwithstanding the verdict. From the orders granting defendant's motions for directed verdict and judgment notwithstanding the verdict, plaintiffs appeal.

*Randy D. Duncan for plaintiff appellants.*

*Golding, Crews, Meekins, Gordon & Gray, by Ned A. Stiles and Terry D. Horne, for defendant appellee.*

MARTIN, Judge.

Plaintiffs Christine Propst McDaniel, Libby Ann Lowman and Teddy R. Lowman contend on appeal that the trial court erred when it directed verdicts against them. Plaintiff Sadie Propst assigns error to the entry of judgment notwithstanding the verdict as to her claim and to the entry of a directed verdict against her with respect to defendant's counterclaim. All plaintiffs contend that the trial court erred in granting defendant's motion for directed verdicts as to their claims for punitive damages. For the reasons which follow, we conclude that the jury verdict in favor of Sadie Propst must be reinstated and that the remaining plaintiffs are entitled to have their claims for compensatory damages submitted to the jury. We affirm, however, the directed verdicts dismissing plaintiffs' claims for punitive damages and awarding defendant a judgment upon its counterclaim.

A motion for directed verdict made pursuant to G.S. 1A-1, Rule 50(a) and a motion for judgment notwithstanding the verdict made pursuant to G.S. 1A-1, Rule 50(b) present essentially the same question, i.e., whether the evidence, taken as true and considered in the light most favorable to the non-movant, is sufficient for submission to the jury. *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 642, 272 S.E. 2d 357 (1980). The motion may be granted only if the evidence, when so considered, is insufficient as a matter of law to support a verdict for the non-movant. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974).

[1] Plaintiffs' action is essentially one for breach of contract. They allege that they contracted with defendant to provide a casket, a funeral service, and a burial for their deceased relative and that defendant breached the contract by conducting the services while the casket was not fully closed, by providing a defective casket that could not be fully closed, and by attempting to force the casket lid shut in such a manner as to jostle and disturb the deceased's remains. They seek damages for mental anguish suffered by reason of the breach.

In North Carolina, a contract to provide funeral and burial services has been held to imply an agreement that the funeral and burial services will be provided and performed "in a good and workmanlike manner." *Lamm v. Shingleton*, 231 N.C. 10, 13, 55 S.E. 2d 810, 812 (1949). Such a contract is so personal in nature as

to give rise, upon a breach thereof, to a claim for damages for mental anguish. *Id.*

> Where the contract is personal in nature and the contractual duty or obligation is so coupled with matters of mental concern or solicitude, or with the sensibilities of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering, and it should be known to the parties from the nature of the contract that such suffering will result from its breach, compensatory damages therefor may be recovered.

*Id.* at 14, 55 S.E. 2d at 813.

Plaintiffs presented evidence through the testimony of several witnesses that defendant's employees experienced difficulty in closing the casket before the funeral service was conducted, that one corner of the casket was not closed so that, during the service, the deceased's remains were visible through the gap between the lower portion and the lid of the casket. Mrs. Lowman testified that after the graveside service, she complained to Mr. Teague that the casket was not closed and that he "slammed" the lid, "got up on the casket and started beating the lid and twisting it" and was "rocking and shaking" the casket and the deceased's remains inside of it to the extent that Mrs. Lowman became physically ill. After his attempts were unsuccessful, Mr. Teague told Mrs. Lowman that "the casket is not right." Mrs. McDaniel testified that Jack Bass, Sr., then defendant's president, told her that the casket was "wrong from the manufacturer."

In our view, considering this evidence as true and in the light most favorable to plaintiffs, the jury could have found that the casket was defective and that the conduct of defendant's employees amounted to a breach of defendant's implied obligation to conduct the funeral services in a good and workmanlike manner. Defendant argues, however, that as to Mr. and Mrs. Lowman and Mrs. McDaniel, directed verdicts were appropriate because the evidence disclosed that only Sadie Propst signed the "Funeral Purchase Agreement." We disagree. Plaintiffs alleged in their complaint that "plaintiffs contracted with defendant" for the funeral and burial services and, in its answer, defendant admitted that allegation. Defendant's judicial admission conclusively established, for the purposes of this case, that the contract was be-

tween all of the plaintiffs and defendant. H. Brandis on North Carolina Evidence, § 177 (1982). "[I]f a fact is alleged by one party and admitted by the other, no issue arises therefrom, but both parties are bound by the allegation so made, and evidence offered in relation thereto is irrelevant." *State ex rel. Lee v. Martin*, 191 N.C. 401, 403, 132 S.E. 14, 15 (1926).

Finally, we note that there is evidence that each plaintiff experienced emotional upset, in varying degrees, as a result of the alleged breach of contract. Even in the absence of such evidence of damages, a directed verdict should not be granted where plaintiffs have offered sufficient evidence of a breach of the contract because proof of a breach of the contract entitles plaintiffs to at least nominal damages. *Cole v. Sorie*, 41 N.C. App. 485, 255 S.E. 2d 271, *disc. rev. denied*, 298 N.C. 294, 259 S.E. 2d 911 (1979). We hold that the trial court erred in granting defendant's motions for directed verdict as to the claims of Mrs. McDaniel and Mr. and Mrs. Lowman for compensatory damages.

For the same reasons, we conclude that the trial court erred in granting defendant's motion for judgment notwithstanding the verdict as to the claim of Sadie Irene Propst. Moreover, since neither defendant nor Sadie Propst moved for a new trial pursuant to G.S. 1A-1, Rule 50(c), and defendant has not assigned error to any aspect of the trial, we have no alternative but to remand this case for reinstatement of the verdict in favor of Sadie Irene Propst and entry of judgment thereon. *Musgrave v. Mutual Savings and Loan Assn.*, 8 N.C. App. 385, 174 S.E. 2d 820 (1970).

[2] Plaintiffs further contend that the trial court erred in granting defendant's motions for directed verdict as to plaintiffs' claims for punitive damages. We reject this contention. Punitive damages are not recoverable for breach of contract, except contracts of marriage, unless the breach also constitutes identifiable tortious conduct, accompanied by some element of aggravation. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). Examples of aggravated conduct sufficient to support punitive damages include "fraud, malice, such a degree of negligence as indicates a reckless indifference to consequences, oppression, insult, rudeness, caprice, wilfulness. . . ." *Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 112, 229 S.E. 2d 297, 301 (1976), *quoting Baker v. Winslow*, 184 N.C. 1, 113 S.E. 570 (1922). The evidence offered by

plaintiffs discloses no identifiable tortious conduct on the part of defendant accompanying its alleged breach of contract nor do we find evidence of the requisite element of aggravated conduct. Indeed, once the plaintiffs complained to defendant's employees, defendant made a reasonable effort to remedy the breach by substituting a more expensive casket at no additional cost. The granting of defendant's motions for directed verdict dismissing plaintiffs' claims for punitive damages was appropriate.

[3] Plaintiff Sadie Irene Propst also assigns error to the directed verdict against her and in favor of defendant on its counterclaim and to the entry of judgment against her in the amount due defendant under the contract. She contends that defendant's breach of the contract was so substantial as to relieve her of any obligation to pay the contract price.

The evidence is uncontradicted that defendant rendered funeral and burial services under the burial contract, including many services in addition to providing the casket, and that defendant has not been paid. A substantial breach of contract, so as to relieve the non-breaching party from his or her own obligations thereunder, occurs when the breach is "such an essential part of the bargain that the failure of it must be considered as destroying the entire contract." *Wilson v. Wilson*, 261 N.C. 40, 43, 134 S.E. 2d 240, 242 (1964). Plaintiffs' evidence did not disclose a "substantial breach" of contract so as to "destroy" the entire contract and permit Sadie Irene Propst the option to rescind it and avoid payment for the services rendered. Defendant's breach merely gave her the right to seek relief by an award of damages. This assignment of error is overruled.

In summary, we reverse the entry of directed verdicts against Christine Propst McDaniel, Libby Ann Lowman and Teddy Lowman and remand their claims for a new trial. We also reverse the judgment entered for defendant notwithstanding the verdict as to the claim of Sadie Irene Propst and remand this case for reinstatement of the jury verdict and entry of judgment thereon. With respect to the entry of directed verdicts dismissing plaintiffs' claims for punitive damages and awarding defendant a judgment against Sadie Irene Propst on the counterclaim, we affirm the judgment of the trial court.

Affirmed in part, reversed in part, and remanded.

Judges BECTON and JOHNSON concur.