CLARENCE WILLIAMS, ADMINISTRATOR OF THE ESTATE OF DELPHINE ADAMS WARREN v. CHARLES JEFFREY ODELL

No. 8812SC209

(Filed 19 July 1988)

1. **Automobiles and Other Vehicles § 83.2— pedestrian killed by automobile—contributory negligence**

    In a wrongful death action arising from an automobile accident, the trial court properly granted a directed verdict for defendant on the grounds of contributory negligence where the decedent was involved in a minor automobile accident with George Allen Hargove on the entrance ramp to an expressway at approximately 7:20 p.m. on 17 March 1986; Mr. Hargrove moved his car to the right shoulder of the highway and activated his car's emergency flashers; the decedent drove ahead one car length, parked her car on the main traveled portion of the ramp, and exited the vehicle; decedent did not activate the car's emergency flashers and remained standing on the entrance ramp eight to twenty minutes waiting for a police officer; decedent was leaning against the rear of her automobile with her arms crossed, facing oncoming traffic; between 10 and 15 cars approached and some drivers applied their brakes to avoid striking her car, with at least three of those cars nearly hitting her vehicle and two of those three skidding to avoid a collision; defendant entered the entrance ramp, which was curved to the right with a downward slope; defendant accelerated and looked over his left shoulder two or three times to observe highway traffic; defendant did not see Mr. Hargrove's car nor Mr. Hargrove waving his flashlight to alert motorists entering the ramp; defendant saw Mrs. Warren about 200 feet from her car and applied his brakes; defendant's car skidded and left 57 feet of tire impression marks; and the front of defendant's car struck the rear of decedent's car and pinned her between the two vehicles.

2. **Automobiles and Other Vehicles § 86— death of pedestrian—last clear chance—evidence insufficient**

    A directed verdict was properly granted for defendant in a wrongful death action in which plaintiff alleged last clear chance where, following a

minor accident at the entrance ramp of a freeway, the decedent stood behind her car in the main traveled portion of the ramp; she remained at the rear of her car for a substantial amount of time with the entire right shoulder of the entrance ramp available for a position of safety; she was uninjured, fully aware, and facing oncoming traffic the entire time; and she should have been able to appreciate the danger after witnessing three cars nearly collide with her vehicle. The decedent's negligence was active and continuous when she voluntarily chose to remain in absolute peril up until the moment of impact and the first element in the last clear chance doctrine is not satisfied.

APPEAL by plaintiff from *Ellis (B. Craig), Judge.* Judgment entered 22 September 1987 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 2 June 1988.

Plaintiff brought this action seeking damages for the alleged wrongful death of his intestate, Delphine Adams Warren. At trial, defendant moved for a directed verdict at the close of plaintiff's evidence and at the close of all the evidence. These motions were denied and the judge submitted to the jury the issues of negligence, contributory negligence, last clear chance and damages. The jury was unable to reach a verdict and the judge declared a mistrial. Defendant moved for judgment in accordance with his motions for a directed verdict. The trial court concluded that Ms. Warren was contributorily negligent as a matter of law and that the doctrine of last clear chance was inapplicable. From the judgment granting defendant's motion, plaintiff appeals.

*Downing, David, Maxwell & Melvin, by Stephen R. Melvin, for plaintiff-appellant.*

*Singleton, Murray & Craven, by Rudolph G. Singleton, Jr., and Richard T. Craven, for defendant-appellee.*

SMITH, Judge.

Plaintiff's sole assignment of error before this Court is that the trial court erred in granting defendant's motion for judgment in accordance with the motions for a directed verdict pursuant to G.S. 1A-1, Rule 50(b). First, plaintiff contends that the evidence presented genuine issues of material fact concerning Ms. Warren's contributory negligence which should have been determined by a jury. Second, he contends that in the event Ms. Warren was contributorily negligent as a matter of law, there are also issues of material fact relating to the doctrine of last clear chance which

require a jury determination. Plaintiff would be entitled to recover for the wrongful death of his intestate only if Ms. Warren would have been entitled to recover had she lived. G.S. 28A-18-2. We hold that the evidence was sufficient to establish that Ms. Warren was contributorily negligent as a matter of law and that the doctrine of last clear chance does not apply. Since Ms. Warren could not have recovered damages for her injuries had she lived, plaintiff may not recover. The judgment of the trial court is affirmed.

[1] A motion for judgment in accordance with a motion for a directed verdict made pursuant to G.S. 1A-1, Rule 50(b) and a motion for a directed verdict made pursuant to G.S. 1A-1, Rule 50(a) present essentially the same question: "whether the evidence, taken as true and considered in the light most favorable to the [plaintiff], is sufficient for submission to the jury." *McDaniel v. Bass-Smith Funeral Home, Inc.*, 80 N.C. App. 629, 632, 343 S.E. 2d 228, 230 (1986). *See Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973); *Snellings v. Roberts*, 12 N.C. App. 476, 183 S.E. 2d 872, *cert. denied*, 279 N.C. 727, 184 S.E. 2d 886 (1971). Rule 50(b), in pertinent part, provides:

> Whenever a motion for directed verdict made at the close of all the evidence is denied or for any reason is not granted, the submission of the action to the jury shall be deemed to be subject to a later determination of the legal questions raised by the motion . . . . [I]f a verdict was not returned [a party who has moved for a directed verdict], within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict . . . . [T]he motion shall be granted if it appears that the motion for directed verdict could properly have been granted.

With regard to the issue of contributory negligence, a directed verdict may be granted only if the evidence is insufficient to justify a verdict for plaintiff as a matter of law. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974). In an action for personal injury, the motion should be granted in favor of the defendant "if the jury could have drawn no conclusion from the evidence but that . . . the contributory negligence of [plaintiff's intestate] was a proximate cause of the [injury]." *Shay v. Nixon*, 45 N.C. App. 108, 109-10, 262 S.E. 2d 294, 296 (1980). In the case

*sub judice,* defendant was entitled to a directed verdict or judgment in accordance with the motion for directed verdict on the issue of contributory negligence if the evidence established Ms. Warren's contributory negligence as a matter of law.

It is well established that a claim is barred by the doctrine of contributory negligence if the injured party fails to exercise ordinary care for her own safety and such failure contributes to the injury. *Allen v. Pullen,* 82 N.C. App. 61, 345 S.E. 2d 469 (1986), *disc. rev. denied,* 318 N.C. 691, 351 S.E. 2d 738 (1987). The existence of contributory negligence does not depend on the injured party's subjective appreciation of the danger; the standard of ordinary care is an objective one—" 'the care an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury.' " *Smith v. Fiber Control Corp.,* 300 N.C. 669, 673, 268 S.E. 2d 504, 507 (1980), *quoting Clark v. Roberts,* 263 N.C. 336, 343, 139 S.E. 2d 593, 597 (1965). Where a motion for a directed verdict is grounded upon contributory negligence as a matter of law "the question before the trial court is whether 'the evidence taken in the light most favorable to plaintiff establishes [its intestate's] negligence so clearly that no other reasonable inference or conclusion may be drawn.' " *Norwood v. Sherwin-Williams Co.,* 303 N.C. 462, 468-69, 279 S.E. 2d 559, 563 (1981) (citations omitted).

The evidence viewed in the light most favorable to plaintiff allows no other reasonable inference except that Ms. Warren failed to exercise such care for her own safety as a reasonably careful and prudent person would have used under similar circumstances. The evidence tended to show that on 17 March 1986, at approximately 7:20 p.m., Ms. Warren was involved in a minor automobile accident with George Allen Hargrove on an entrance ramp to the All American Expressway in Cumberland County. Mr. Hargrove moved his car to the right shoulder of the highway and activated his car's emergency flashers. Ms. Warren drove ahead one car length, parked her car on the main travelled portion of the ramp and exited the vehicle. She did not activate the car's emergency flashers. She remained standing on the entrance ramp eight to ten minutes waiting for a police officer to arrive. According to the testimony, she was leaning against the rear of her automobile with her arms crossed, facing oncoming traffic. While she was waiting, between 10 and 15 cars approached and some drivers applied their brakes to avoid striking her or her car.

Williams v. Odell

At least three of these cars nearly hit her vehicle and two of the three skidded to avoid a collision. Defendant entered the entrance ramp. The entrance ramp was curved to the right with a downward slope. As he accelerated, he looked over his left shoulder two or three times to observe highway traffic. Defendant did not see Mr. Hargrove's car nor Hargrove waving his flashlight to alert motorists entering the ramp. When defendant was about 100 feet away from Ms. Warren, he saw her and applied his brakes. Defendant's car skidded and left 57 feet of tire impression marks. The front of defendant's car struck the rear of Ms. Warren's car and pinned her between the two vehicles. It is clear from the evidence that by voluntarily placing herself on the main travelled portion of the entrance ramp and failing to exercise the care of an ordinarily prudent person, Ms. Warren was contributorily negligent as a matter of law. *Clemons v. Williams*, 61 N.C. App. 540, 300 S.E. 2d 873 (1983).

[2] Next we address plaintiff's contention that defendant had the last clear chance to avoid the collision. The doctrine of last clear chance would allow plaintiff to recover despite Ms. Warren's contributory negligence if defendant had the last clear chance to avoid Ms. Warren's injuries by exercising reasonable care and prudence but failed to do so. *Earle v. Wyrick*, 286 N.C. 175, 209 S.E. 2d 469 (1974), *reh'g denied*, 286 N.C. 547 (1975). The burden is on plaintiff to establish that the doctrine is applicable to the facts. *Vernon v. Crist*, 291 N.C. 646, 231 S.E. 2d 591 (1977).

Plaintiff is entitled to rely on last clear chance when the evidence considered in the light most favorable to plaintiff establishes each and every element of the doctrine. The elements are: (1) Ms. Warren, by her own negligence, placed herself in a *position of helpless peril (or a position of peril to which she was inadvertent)*; (2) defendant saw, or by the exercise of reasonable care should have seen, and understood Ms. Warren's perilous position; (3) defendant had the time and the means to avoid the accident had defendant seen or discovered her perilous condition; (4) defendant failed or refused to use every reasonable means at his command to avoid the impending injury; and (5) Ms. Warren was injured as a result of defendant's failure or refusal to avoid impending injury. *Exum v. Boyles*, 272 N.C. 567, 158 S.E. 2d 845 (1968); *Wray v. Hughes*, 44 N.C. App. 678, 262 S.E. 2d 307, *disc. rev. denied*, 300 N.C. 203, 269 S.E. 2d 628 (1980). Applying the

above stated law to the facts, plaintiff has failed to establish that Ms. Warren was in a position of helpless or inadvertent peril.

Helpless peril arises when a person's prior contributory negligence has placed her in a position from which she is powerless to extricate herself. *Clodfelter v. Carroll*, 261 N.C. 630, 135 S.E. 2d 636 (1964); *Schaefer v. Wickstead*, 88 N.C. App. 468, 363 S.E. 2d 653 (1988). The last clear chance doctrine is thus inapplicable where the injured party is at all times in control of the danger and simply chooses to take the risk. *See Clodfelter, supra* ("[P]laintiff . . . unwittingly, carelessly, and in disregard of her own safety failed to remove herself from the path of defendant's oncoming car, when she had full time and opportunity to . . . avoid an obvious danger and the injuries she sustained." *Id.* at 635-36, 135 S.E. 2d at 639); *Stephens v. Mann*, 50 N.C. App. 133, 272 S.E. 2d 771 (1980), *disc. rev. denied*, 302 N.C. 221, 276 S.E. 2d 919 (1981) (Plaintiff, bouncing around in back of pickup truck, did not hold on and finally bounced out of the truck).

Inadvertent peril focuses on inattentiveness. The situation is not one of true helplessness, as the injured party is in a position to escape. Rather, the negligence consists of failure to pay attention to one's surroundings and discover his own peril. *Watson v. White*, 309 N.C. 498, 308 S.E. 2d 268 (1983). *See Earle, supra* (pedestrian walking in street was struck from behind by a car); *Exum, supra* (intestate changing a tire and not directly facing traffic was struck by a car).

Plaintiff argues that Ms. Warren could not escape from her perilous position by exercising reasonable care. Ms. Warren had witnessed approximately 15 cars successfully negotiate her parked car and plaintiff contends that by the time she realized that defendant would hit her, she did not have time to escape. We disagree.

It is reasonable to conclude that Ms. Warren could have, by the exercise of reasonable care, extricated herself from the position of peril in which she had negligently placed herself. Considering the evidence in the light most favorable to plaintiff, Ms. Warren remained at the rear of her car for a substantial amount of time with the entire right shoulder of the entrance ramp available for a position of safety. She was uninjured, fully aware, facing oncoming traffic the entire time, and should have been able to

appreciate the danger after witnessing three cars nearly collide with her vehicle. Ms. Warren's negligence was active and continuous when she voluntarily chose to remain in absolute peril up to the moment of impact. Thus, the first element of the last clear chance doctrine is not satisfied. *See Watson, supra; Clodfelter, supra.* Having determined that proof of this element of the doctrine is lacking, we need not discuss the evidence with regard to the other elements. The trial court correctly determined that the doctrine of last clear chance was inapplicable.

Affirmed.

Judges EAGLES and ORR concur.