LOIE RAY McMAHAN v. MARCUS ALBERT STOGNER AND JEAN WISE STOGNER

No. 8818SC1425

(Filed 3 October 1989)

**Automobiles and Other Vehicles § 89.1— golf cart hit by car— sufficiency of evidence of last clear chance**

In an action to recover for injuries sustained by plaintiff when he was hit by defendant's car as he drove his golf cart across a road, the trial court erred by failing to submit to the jury the issue of last clear chance where the evidence tended to show that defendant's sight distance between a curve in the road and the point of the accident was at least 200 feet, but defendant admitted that, though he saw plaintiff, he did not begin braking until he was only 40 feet from plaintiff's golf cart.

APPEAL by plaintiff from *Washington, Edward K., Judge.* Judgment entered 4 August 1988 in GUILFORD County Superior Court. Heard in the Court of Appeals 24 August 1989.

Plaintiff, Loie Ray McMahan, brought this action against defendants, Marcus Albert Stogner and Jean Wise Stogner, to recover damages for injuries he sustained due to the negligence of defendant Marcus Stogner.

On 21 May 1985 plaintiff and two friends were playing golf at Sedgefield Country Club. Plaintiff was operating a motorized golf cart and his friends, the Howie brothers, shared a second golf cart. As plaintiff attempted to cross North Carolina Rural Road 1373, also known as Gaston Road, where it intersected the

golf cart path, his golf cart was struck by an automobile, owned by defendant Jean Stogner and operated by her son, Marcus Stogner. Defendant Marcus Stogner was operating his mother's automobile in the westbound lane of Gaston Road. At the intersection where the accident occurred the road to the east of the cart path is straight with a slight uphill grade that goes into a curve. The accident occurred at approximately 3:30 in the afternoon.

At trial the jury found (1) that plaintiff was injured by defendant Marcus Stogner's negligence, and (2) that plaintiff was contributorily negligent. From judgment for defendants entered on the jury's verdict, plaintiff appealed.

*Robert S. Cahoon for plaintiff-appellant.*

*Henson Henson Bayliss & Teague, by Perry C. Henson and Gary K. Sue, for defendant-appellees.*

WELLS, Judge.

Plaintiff contends that the trial court erred by failing to submit to the jury the issue of last clear chance.

A plaintiff is entitled to an instruction on the doctrine of last clear chance when he establishes four essential elements: (1) that the plaintiff negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the defendant knew of, or by the exercise of reasonable care could have discovered, the plaintiff's perilous position and his inability to escape; (3) that the defendant had the time and means to avoid injury to the plaintiff by the exercise of reasonable care after he discovered, or should have discovered, the plaintiff's perilous position and his inability to escape from it; and (4) that the defendant negligently failed to use the available time and means to avoid injury to the plaintiff, and for that reason struck and injured him. *Watson v. White*, 309 N.C. 498, 308 S.E.2d 268 (1983); *Schaefer v. Wickstead*, 88 N.C. App. 468, 363 S.E.2d 653 (1988).

There was conflicting evidence regarding the occurrence and sequence of events surrounding the accident. Plaintiff testified that he approached Gaston Road from the north and stopped at the edge of the cart path before attempting to cross. He looked both ways, saw nothing coming, and pulled into the road. Plaintiff also testified that he could see to the east for approximately 250 to 275 feet before the road curved out of sight. When plaintiff heard

his friend shout "look out" he saw defendant's car for the first time. Plaintiff thought he was nearly across Gaston Road when he was hit.

William Howie, a witness for the plaintiff, testified that he was approximately 30 feet behind the plaintiff operating his golf cart on the cart path when he glimpsed something out of the corner of his eye coming from the left [east]. He shouted to the plaintiff in an effort to warn him of the approaching car. William Howie further testified that when he first saw the defendant's car out of the corner of his eye, plaintiff was starting to pull out onto the road. William Howie estimated that at this point the defendant was approximately 225 to 240 feet from the intersection. Seconds later the collision occurred. William Howie also testified that plaintiff had looked both ways before crossing and that the cart was almost across the road when it was hit.

Ralph Howie, Jr. also testified for the plaintiff. He was a passenger in the golf cart driven by his brother, William. According to Ralph Howie's testimony he became aware of defendant's car approaching from the left when his brother shouted "look out" to the plaintiff. When he first saw the car it was approximately 200 feet away from the plaintiff. Ralph Howie also testified that two-thirds of the golf cart had crossed the center line before being hit; that when he looked up plaintiff had started into the street; the car locked its brakes and started sliding and, in a split second, impacted with the plaintiff's cart. Ralph Howie further testified that he heard the defendant tell the state trooper that he wasn't paying close attention.

State Trooper G. C. Grady, who investigated the accident, testified that defendant Marcus Stogner indicated to him that he was driving too fast, was going about 45 miles an hour, and was sorry the accident had happened.

Defendant Marcus Stogner testified that he told Trooper Grady that he knew he was going faster than he should have been and estimated his speed to be approximately 35 miles an hour. Defendant testified that when he rounded the curve to the east of the intersection he saw plaintiff for the first time. Defendant took his foot off the accelerator but did not brake at this time. Defendant testified that the distance between his car and the plaintiff when he rounded the curve was approximately 210 feet. Defendant further testified that plaintiff was not in the road at this point; that

plaintiff was looking straight ahead and did not look left or right before pulling onto the road. On direct examination defendant indicated that plaintiff did not stop before pulling onto Gaston Road. On cross-examination defendant indicated that plaintiff was stopped but getting ready to start in motion when defendant first saw him. Defendant also testified that when he was 40 feet from plaintiff he was prepared to brake. At this point plaintiff pulled out in front of him. Defendant applied brakes, but was unable to avoid a collision. Defendant testified that the collision occurred in the westbound lane.

On this evidence, a jury could draw the reasonable inference that after defendant Marcus Stogner discovered, or reasonably could have discovered plaintiff's peril, he had both the time and opportunity—that is, a last clear chance—to avoid the collision. The evidence is essentially undisputed that defendant's sight distance between the curve in the road and the cart path was at least 200 feet. Defendant admitted that he did not start braking until he was only 40 feet from plaintiff's golf cart. While the evidence was conflicting as to whether plaintiff "darted" in front of defendant or whether plaintiff was in the road when defendant rounded the curve, this only bears upon, but does not resolve, the question of last clear chance.

We hold that the trial court erred in not submitting this issue to the jury and therefore award a

New trial.

Judges PHILLIPS and PARKER concur.