WAYNE HALES, Administrator of the Estate of DONALD WAYNE HALES, Deceased v. ALTON RAY THOMPSON

No. 927SC910

(Filed 3 August 1993)

1. **Automobiles and Other Vehicles § 716 (NCI4th)— last clear chance — sufficiency of evidence**

   There was substantial evidence to require submission of last clear chance to the jury, and it was error for the trial court to fail to so instruct, where the evidence tended to show that defendant observed deceased's vehicle approximately two hundred feet ahead of him; defendant braked and left tire impressions for 193 feet before the point of impact; defendant traveled those feet in deceased's lane rather than his own; defendant had the time and means, by staying in his own lane of travel, to avoid the accident; and defendant's failure to stay in his own lane was a failure to use every reasonable means to avoid the injury to deceased.

   **Am Jur 2d, Automobiles and Highway Traffic § 1118.**

2. **Evidence and Witnesses § 239 (NCI4th)— damages in auto accident case — deceased's leukemia — effect on relationship with parents — evidence relevant — admissibility discretionary with judge**

   **Am Jur 2d, Damages §§ 923 et seq.**

Appeal by plaintiff from judgment entered 18 November 1991 and order entered 28 January 1992 in Wilson County Superior Court by Judge W. Russell Duke, Jr. Heard in the Court of Appeals 7 July 1993.

*Mast, Morris, Schulz & Mast, P.A., by Bradley N. Schulz and George B. Mast, and Battle, Winslow, Scott & Wiley, P.A., by Samuel S. Woodley, Jr., for plaintiff-appellant.*

*Smith Helms Mulliss & Moore, by J. Donald Cowan, Jr. and Lyn K. Broom, for defendant-appellee.*

*Dees, Smith, Powell, Jarrett, Dees & Jones, by Tommy W. Jarrett, for Nationwide Mutual Insurance Company.*

GREENE, Judge.

Wayne Hales (plaintiff), administrator of the estate of his deceased son Donald Wayne Hales (Donald), appeals from a judgment that he recover nothing in a wrongful death action against Alton Ray Thompson (defendant), and from the trial court's denial of his Rule 59 motion for a new trial.

Donald and defendant were involved in an automobile accident on 9 December 1988, which resulted in Donald's death and serious injuries to defendant. On 8 February 1989, plaintiff, duly qualified as administrator of Donald's estate, filed a complaint against defendant on behalf of Donald's estate. Donald died intestate. The complaint alleged that defendant had negligently driven his vehicle into the eastbound lane of Highway 42 and struck the vehicle operated by Donald, thereby proximately causing his death. The complaint further alleged that defendant was negligent in that he failed to maintain proper control of his vehicle and a proper lookout, was operating his vehicle at a greater than reasonable speed, failed to decrease speed to avoid the collision, and failed to travel on the right side of the highway. Defendant answered, denying negligence and asserting the affirmative defenses of contributory negligence, sudden emergency and assumption of the risk. Defendant also counterclaimed to recover for his own injuries, alleging that Donald was negligent in that he failed to yield the right-of-way, operated his vehicle without proper control, did not maintain a proper lookout, and turned into the path of defendant's vehicle without ascertaining that the movement could be made in safety.

Plaintiff filed a reply in which he alleged that, should it be determined that Donald was contributorially negligent, defendant still had the last clear chance to avoid the collision and that the conduct of defendant constituted willful and wanton negligence. Thereafter, defendant filed a motion in limine to exclude from evidence at the trial any reference to Donald's medical condition prior to the accident on the grounds that Donald's health at the time of his death was not in issue, and thus such information would be irrelevant, and that, if relevant, would be unfairly prejudicial to defendant. Specifically, defendant moved to exclude any reference to the fact that Donald had suffered from leukemia for a prolonged period of time prior to his death and had only recovered shortly before his death. Plaintiff opposed the motion on grounds that the information about Donald's battle with leukemia was relevant to show the relationship between Donald and his family and would not be unfairly prejudicial to defendant. The motion was granted. Plaintiff later made an offer of proof, in which Donald's mother testified on voir dire as to the illness and its effect on the family.

The case came to trial on 4 November 1991. The undisputed evidence shows that the accident occurred near the intersection of Radio Tower Road and Highway 42 in Wilson County at approximately 6:05 a.m. on 9 December 1988. Defendant was travelling west on Highway 42 and Donald was travelling on Radio Tower Road and approaching the stop sign at the intersection of Radio Tower Road and Highway 42. Donald attempted to make a left turn onto Highway 42, in front of the vehicle driven by defendant. Defendant's car struck Donald's car, killing Donald and injuring defendant.

Plaintiff's evidence tends to show that at the time of the accident, defendant was travelling at a high rate of speed. Donald attempted to make a left turn from the stop sign on Radio Tower Road into the eastbound lane of Highway 42. Defendant, upon seeing Donald enter the roadway, braked and swerved to the left, crossing over the center line of Highway 42 into the eastbound lane, and striking Donald's vehicle. Dr. Charles Manning (Dr. Manning), an accident reconstruction specialist, testified that in his opinion the defendant's vehicle was travelling at least eighty-one miles per hour prior to braking, and that at the point of impact with Donald's vehicle was travelling at fifty-seven to sixty miles an hour. Dr. Manning further testified that Donald was able to complete his turn, that his vehicle was safely in the eastbound

lane of Highway 42, and that the point of impact was in the east-bound lane of Highway 42. In Dr. Manning's opinion, if defendant had not been travelling at an excessive speed, Donald would have had time to make the turn safely. Dr. Manning also gave his opinion that had defendant not turned his vehicle to the left but rather had stayed in his own lane of travel, no collision would have taken place. Trooper J.A. Branch of the North Carolina Highway Patrol also testified that the point of impact between the two vehicles was in the eastbound lane. Further, he testified that the "tire impressions" made by defendant's vehicle prior to impact measured 193 feet.

Donald's mother, father, and sister, other family members and friends testified as to the closeness of the family and the impact on the family of Donald's death. Numerous photographs of Donald with his family, holiday cards, report cards, and other items were introduced to illustrate this testimony. Two of these items, a poem written by Donald's mother after his death and a photograph of Donald and his mother in which the physical effects of the leukemia on Donald are apparent, were objected to by defendant. The trial court sustained defendant's objections. At the close of plaintiff's evidence, defendant moved for a directed verdict, which was denied. In addition, plaintiff made a motion that the testimony of defendant's expert witness in accident reconstruction, Dr. Roland F. Barrett (Dr. Barrett), be excluded pursuant to Rule 26(e) of the North Carolina Rules of Civil Procedure, because plaintiff was prevented from adequately preparing to cross-examine Dr. Barrett by defendant's delay in identifying Dr. Barrett as an expert witness and defendant's failure to supplement Dr. Barrett's deposition answers. Plaintiff's motion was denied.

Defendant's evidence tended to show that he was travelling within the fifty-five mile per hour speed limit prior to the collision. Defendant saw Donald's car as he approached the intersection. Defendant believed when he saw Donald's car slow down as it approached the stop sign that Donald was going to stop, but he did not. Donald pulled out in front of defendant, and defendant immediately applied the brakes and swerved to the left in an attempt to avoid Donald's car, which was entering the intersection from defendant's right. Upon impact, defendant lost consciousness. Dr. Barrett testified that in his opinion defendant's vehicle was travelling at a maximum speed of 54.7 miles per hour when defendant applied the brakes.

**HALES v. THOMPSON**

[111 N.C. App. 350 (1993)]

At the charge conference, plaintiff requested an instruction on last clear chance, which the trial court declined to give. A verdict sheet was given to the jury and the jury retired for deliberation. Upon reaching a verdict, the jury returned the verdict, which read in pertinent part as follows:

 1. Was the death of . . . Donald Wayne Hales, proximally caused by the negligence of the defendant . . . ?

  Answer: YES

  . . . .

 2. If so, did . . . Donald Wayne Hales, by his own negligence, contribute to his death?

  Answer: YES

  . . . .

 3. Was the death of . . . Donald Wayne Hales, caused by the willful or wanton conduct of the defendant . . . ?

  Answer: NO

  . . . .

 4. What amount of damages, if any is . . . the Estate of Donald Wayne Hales, deceased, entitled to recover by the reason of the negligence of [defendant]?

  Answer: $16,000.00

Defendant made a motion to strike the jury's answer to issue number four as being inconsistent with the jury's answers to issues one, two, and three, which the trial court granted, and signed a judgment on 18 November 1991, that plaintiff recover nothing of defendant and defendant recover nothing on his counterclaim. Plaintiff then made a motion for a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure, giving as grounds, among others, the trial court's failure to exclude the testimony of Dr. Barrett, denial of plaintiff's request that the issue of last clear chance be submitted to the jury, exclusion of two of plaintiff's exhibits, and the fact that the jury made a clerical error in writing down the answer to the third issue, which should have been "yes" instead of "no." The motion was supported by nearly identical affidavits from all twelve jurors, which stated that the jurors did

HALES v. THOMPSON

[111 N.C. App. 350 (1993)]

not understand the significance of their answer to issue number three, that "the third Issue should have been answered 'Yes,' and must have been written down incorrectly," and that the jury intended that the estate recover $16,000.00. The trial court denied the motion.

---

The determinative issues presented are whether (I) the trial court committed reversible error in failing to submit to the jury the issue of last clear chance; and (II) evidence concerning Donald's leukemia and its effect on his relationship with his parents was relevant.

I

[1] Plaintiff argues that the evidence supported the submission of last clear chance to the jury. We agree.

The doctrine of last clear chance would allow plaintiff to recover despite any contributory negligence by Donald if defendant, in the exercise of reasonable care and prudence, had the last clear chance to avoid the collision and failed to do so. *Williams v. Odell*, 90 N.C. App. 699, 703, 370 S.E.2d 62, 65, *disc. rev. denied*, 323 N.C. 370, 373 S.E.2d 557 (1988). In order to require the submission of last clear chance to the jury, plaintiff must carry the burden of providing substantial evidence which, "when viewed in the light most favorable to [plaintiff], will support a reasonable inference" that each of the five essential elements of last clear chance is present. *Watson v. White*, 60 N.C. App. 106, 109, 298 S.E.2d 174, 176 (1982); *Ace, Inc. v. Maynard*, 108 N.C. App. 241, 245, 423 S.E.2d 504, 507 (1992), *disc. rev. denied*, 333 N.C. 574, 429 S.E.2d 567 (1993) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Accordingly, plaintiff must present substantial evidence that

> (1) [Donald], by [his] own negligence, placed [himself] in a position of helpless peril . . .; (2) defendant saw, or by the exercise of reasonable care should have seen, and understood [Donald's] perilous position; (3) defendant had the time and the means to avoid the accident had defendant seen or discovered [Donald's] perilous condition; (4) defendant failed . . . to use every reasonable means at his command to avoid the impending injury; and (5) [Donald] was injured as a result of defendant's failure . . . to avoid [the] impending injury.

*Williams*, 90 N.C. App. at 703, 370 S.E.2d at 65 (emphasis omitted). Failure to submit the issue of last clear chance when supported by substantial evidence is error and requires a new trial. *See McMahan v. Stogner*, 95 N.C. App. 764, 767, 384 S.E.2d 60, 62 (1989), *disc. rev. denied*, 326 N.C. 49, 389 S.E.2d 91 (1990).

The parties do not dispute, and we therefore assume, that elements one, four, and five are shown by the evidence. The parties dispute only the presence of elements three and four. We must, therefore, determine, based on the evidence before the trial court taken in the light most favorable to the plaintiff, first, whether there is substantial evidence that defendant had the time and means to avoid the accident, and, second, whether there is substantial evidence that he failed to use every reasonable means to do so.

The answers of defendant in a deposition taken prior to trial were read into evidence. Defendant testified in that deposition that he was "probably . . . two hundred feet" from Donald's car when he realized that it was not going to stop. Defendant then steered his car into the left lane, the lane into which Donald was attempting to turn. Evidence from Trooper Branch revealed that he measured "tire impressions" from defendant's vehicle beginning at 193 feet before the point of impact. Based on this figure, Dr. Manning testified that it was his opinion that defendant began braking at 193 feet from the point of impact. Dr. Manning further testified that the position of the 193 feet of impressions indicated that defendant's vehicle crossed the center line to the left and travelled the 193 feet in the lane into which Donald was attempting to make his turn, and that the point of impact was in that lane. Based on this information, Dr. Manning gave his opinion, without regard to whether the defendant was travelling at fifty-five miles per hour as he testified or at the eighty-one miles per hour that Dr. Manning estimated, that when defendant applied the brakes 193 feet before impact, "if [defendant] would have [braked] and not turned the car, the car would not have gone over into the other lane and struck [Donald's] vehicle." Dr. Manning also gave his opinion, based on information found in the North Carolina Driver's Handbook, that the proper procedure when faced with a situation like that faced by defendant is to "turn to your right or . . . turn sharply into a field to get off the road."

The above evidence supports a reasonable inference that defendant had the time and means, by staying in his own lane of

travel, to avoid the accident. It also supports the reasonable inference that defendant's failure to stay in his own lane was a failure to use every reasonable means to avoid the injury to Donald. There is thus substantial evidence to require submission of last clear chance to the jury, and it was therefore error to fail to so instruct. Accordingly, the case must be remanded for a new trial.

## II

[2]   Plaintiff also argues that the trial court committed reversible error by granting defendant's motion in limine excluding evidence of Donald's leukemia and the effect on the closeness of the family which resulted from their attempts to cope with his illness. Defendant argued at trial that the evidence should be excluded on two grounds: first, that it was not relevant pursuant to Rule 401; and second, that even if relevant, its probative value was substantially outweighed by its prejudicial effect pursuant to Rule 403. While the grant of a new trial on the issue of last clear chance makes it unnecessary that we address this issue, in our discretion, because the issue may be pertinent at the new trial, we address only the issue of whether the evidence of Donald's illness was relevant.

Evidence is relevant, and therefore admissible, pursuant to Rule 401 of the North Carolina Rules of Evidence, "if it has *any* logical tendency to prove any fact that is of consequence" in the action. *State v. Wallace*, 104 N.C. App. 498, 502, 410 S.E.2d 226, 228 (1991), *disc. rev. denied*, 331 N.C. 290, 416 S.E.2d 398, *and cert. denied*, --- U.S. ---, 121 L. Ed. 2d 241 (1992). A ruling on whether proffered evidence is relevant is not discretionary on the part of the trial judge, but will nevertheless be given great deference on appeal. *Id.*

Our State's wrongful death statute, N.C.G.S. § 28A-18-2, provides in pertinent part

> [a]ll evidence which reasonably tends to establish any of the elements of damages . . . or otherwise reasonably tends to establish the present monetary value of the decedent to the persons entitled to receive the damages recovered, is admissible in an action for damages for death by wrongful act.

N.C.G.S. § 28A-18-2(c) (Supp. 1992). The statute further provides that damages for wrongful death include the value of the "[s]ociety,

companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered." N.C.G.S. § 28A-18-2(b)(4)(c) (Supp. 1992).

Any recovery in a wrongful death action is distributed to the same persons as it would be had the decedent died intestate. *Williford v. Williford*, 288 N.C. 506, 510, 219 S.E.2d 220, 223 (1975). The record reveals that at the time of his death, Donald was unmarried and had no children. Under the intestate laws of this state, those entitled to any damages recovered in this action would be Donald's parents. N.C.G.S. § 29-15(3) (1984). The testimony of Donald's mother during plaintiff's offer of proof as to the evidence concerning Donald's leukemia tends to establish that Donald's battle with leukemia drew Donald and his parents closer together, caused them to spend more time together, and increased their emotional ties beyond those of the average family. Such closeness has a direct bearing on the value to his parents of Donald's "[s]ociety, companionship, [and] comfort." Accordingly, the evidence pertaining to Donald's disease and the effect it had on his relationship with his parents had a tendency to prove the extent of damages, which are in controversy in this case. The evidence was therefore relevant and should not have been excluded on that ground.

Whether the evidence should be excluded on retrial pursuant to Rule 403 of the North Carolina Rules of Evidence because "its probative value is substantially outweighed by the danger of unfair prejudice" is a question addressed to the sound discretion of the trial judge at the retrial. N.C.G.S. § 8C-1, Rule 403 (1992); *State v. Mason*, 315 N.C. 724, 731, 340 S.E.2d 430, 435 (1986).

New trial.

Judges EAGLES and LEWIS concur.